**IN THE CIRCUIT COURT OF SEVENTEENTH JUDICIAL CIRCUIT**
**IN AND FOR BROWARD COUNTY, FLORIDA**

**RADHEY LAL SINGHAL,**
**NIRMALA SINGHAL,**
**NIRAJ SINGHAL, and**
**VANESSA SINGHAL,**

RUSH

Plaintiffs,

vs.

Case No. ____________
Division: ____

**UNISON AGREEMENT CORP.,**

Defendant.
_______________________/

**SUMMONS**

Date: 3/11/2022 Time: 11:50
SN #236
is a certified process server in the Circuit and County Courts in and for the Second Judicial Circuit

**THE STATE OF FLORIDA**

To All and Singular the Sheriffs of the State:

**YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint in this action on:

**UNISON AGREEMENT CORP.**
**FLORIDA FILING & SEARCH SERVICES, INC.**
**REGISTERED AGENT**
**155 OFFICE PLAZA DRIVE, SUITE A**
**TALLAHASSEE FL 32301-2844**

**IMPORTANT**

A lawsuit has been filed against you. You have **20 calendar days** after this summons is served on you to file a written response to the attached complaint/petition with the clerk of this circuit court, located at: **201 SE 6th Street, Fort Lauderdale, Florida 33301**.

A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be **filed** if you want the Court to hear your side of the case.

**If you do not file your written response on time, you may lose the case, and your wages, money, and property may be taken thereafter without further warning from the Court.** There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court, you must also serve a copy of your written response on the party serving this summons at:

**Eugene Steele, Esq., FBN #144190 | Scott Schirrman, Esq. FBN #841609**
**P.O. Box 30212, Fort Lauderdale, FL 33303-0212**
**(Emails: es@lawstaff.info / sc@lawstaff.info / info@lawstaff.info)**

**IMPORTANTE**

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Localizado en: **201 SE 6th Street, Fort Lauderdale, Florida 33301**.

Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, usted puede consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presente su respuesta ante el tribunal, usted debe enviar por correo o entregar una copia de su respuesta a la persona denominada abajo.

Si usted elige presentar personalmente una respuesta por escrito, en el mismo momento que usted presente su respuesta por escrito al Tribunal, usted debe enviar por correo o llevar una copia de su respuesta por escrito a la parte entregando esta orden de comparencencia a: Nombre y direccion de la parte que entrega la orden de comparencencia:

**Eugene Steele, Esq., FBN #144190 | Scott Schirrman, Esq. FBN #841609**
**P.O. Box 30212, Fort Lauderdale, FL 33303-0212**
**(Emails: es@lawstaff.info / sc@lawstaff.info / info@lawstaff.info)**

**IMPORTANTE**

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Localizado en: **201 SE 6th Street, Fort Lauderdale, Florida 33301**.

Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, usted puede consultar a un abogado inmediatamente.

Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica. Si desea responder a la demanda por su cuenta, al mismo tiempo en que presente su respuesta ante el tribunal, usted debe enviar por correo o entregar una copia de su respuesta a la persona denominada abajo.

Si usted elige presentar personalmente una respuesta por escrito, en el mismo momento que usted presente su respuesta por escrito al Tribunal, usted debe enviar por correo o llevar una copia de su respuesta por escrito a la parte entregando esta orden de comparencencia a: Nombre y direccion de la parte que entrega la orden de comparencencia:

**Eugene Steele, Esq., FBN #144190 | Scott Schirrman, Esq. FBN #841609**
**P.O. Box 30212, Fort Lauderdale, FL 33303-0212**
**(Emails: es@lawstaff.info / sc@lawstaff.info / info@lawstaff.info)**

THE STATE OF FLORIDA

TO EACH SHERIFF OF THE STATE:

You are commanded to serve this summons and a copy of the complaint in this lawsuit on the above-named person.

DATED: FEB 28 2022

CLERK OF THE CIRCUIT COURT

(SEAL)

CIRCUIT & COUNTY COURT · IN GOD WE TRUST · CLERK OF · FLORIDA · BROWARD COUNTY

By: Brenda D. Forman
Deputy Clerk
BRENDA D. FORMAN

Filing # 144555133 E-Filed 02/24/2022 02:27:53 PM

**IN THE CIRCUIT COURT OF SEVENTEENTH JUDICIAL CIRCUIT**
**IN AND FOR BROWARD COUNTY, FLORIDA**

**RADHEY LAL SINGHAL,**
**NIRMALA SINGHAL,**
**NIRAJ SINGHAL, and**
**VANESSA SINGHAL,**

Plaintiffs,

vs. Case No. ______________________
Division: ____

**UNISON AGREEMENT CORP.,**

Defendant.
______________________________/

## COMPLAINT

Plaintiffs, RADHEY LAL SINGHAL, NIRMALA SINGHAL, NIRAJ SINGHAL and VANESSA SINGHAL, by and through their undersigned attorneys, sue Defendant, UNISON AGREEMENT CORP. This is a lawsuit for Declaratory Relief, Usury, Quiet Title, Slander of Title, Recission, Truth in Lending/Regulation Z and Unconscionable Contract.

## JURISDICTION, PARTIES AND VENUE

1. This action is for damages in excess of $30,000.00, and exclusive of court costs, attorney's fees, and interest, and therefore within the jurisdiction of this Court.

2. This Court has subject matter jurisdiction pursuant to Fla. Stat. §26.012(2)(a).

3. Plaintiff, Radhey Lal Singhal, is a resident of Florida and is sui juris.

4. Plaintiff, Nirmala Singhal, is a resident of Florida and is sui juris.

5. Plaintiff, Niraj Singhal, is a resident of Ottawa, Ontario, Canada and is sui juris.

6. Plaintiff, Vanessa Singhal, is a resident of Ottawa, Ontario, Canada and is sui juris.

7. Defendant, Unison Agreement Corp., is a foreign profit corporation that conducts business in Broward County, Florida.

8. The subject property at issue is located in Broward County, Florida.

9. The events which give rise to this Complaint accrued in Broward County, Florida.

10. All conditions precedent to this action have been satisfied, occurred or waived.

## GENERAL ALLEGATIONS

11. Plaintiffs were and are at all relevant times to this Complaint, the owners of certain real property located at 1 N. Ocean Blvd., Unit #703, Pompano Beach, Florida 33062, being more particularly described as:

> Unit 03, Level 7, of THE PLAZA AT OCEANSIDE, A CONDOMINIUM, according to the Declaration of Condominium thereof recorded in Official Records Book 45228, Page 866, of the Public Records of Broward County, Florida.

12. Upon information and belief, at all relevant times Defendant, Unison Agreement Corp., is a Delaware corporation with its principal place of business at 650 California Street, Suite 1800, San Francisco, California 94108.

13. Defendant conducts business in Florida.

14. Defendant is subject to the jurisdiction of this Court.

15. Defendant was founded in 2004, and is a national company headquartered in San Francisco, California.

16. Defendant and its agents, actors and alter egos created and maintain a website utilizing the domain name unison.com ("Website").

17. The content of the Website purports to inform a potential participant of Defendant's program with what facially appears to be factual statements relating to the Unison "co-investment" model and is designed so that an uninformed person reviewing the site would believe the published statements to be fact as they are published on the Website.

18. Defendant is grossly irresponsible in the publication of the Website content. The content is not only misleading, but patently false and is published on the Website with reckless disregard for the truth.

19. Defendant utilizes the Website as a springboard to contact individuals, to induce them to do business with Defendant.

20. Defendant, through its Website, touts itself as an entity that offers an alternative to home loans with something they call "home co-investing."

21. Defendant, through its Website, intentionally and recklessly publishes false and deceptive statements to uninformed homeowners for the purpose of gaining a pecuniary advantage based upon publishing such false and deceptive statements.

22. Defendant claims to provide a program in which it provides homeowners with an upfront cash payment, in exchange, the company takes a share of the appreciation when the home is sold.

23. Defendant falsely claims that they are not giving the homeowner a loan, but rather purchasing a percentage of their ownership interest.

24. Defendant also falsely claims that the homeowners have the ability to buyout at any time without penalty.

25. Defendant describes itself as a co-investor in the homeowner's property for a share in the appreciation of the value of that property. However, this program is actually a high-interest loan disguised as an investment in homeownership.

26. Defendant obtains its ownership interest in a homeowner's property based upon the current home equity, which is determined in Defendant's sole discretion and upon an appraisal requisitioned by Defendant.

27. Defendant provides a cash payment immediately, and the recipient's obligation to pay principal and interest payments is deferred.

28. By falsely and deceptively claiming to offer certain advantages over conventional borrowing, Defendant preys on the vulnerabilities of senior citizens and low-income borrowers.

29. Defendant typically targets a homeowner trying to get out of debt, to whom the avoidance of monthly principal and interest payments are particularly palatable.

30. Most glaring is Defendant's failure to disclose that the participants in Defendant's *loan* programs relinquish substantial equity in their home's value, and that Defendant intentionally understates and/or ignores the home's true value.

31. On February 4, 2019, Plaintiffs executed a document styled as "Memorandum of Unison Homeowner Agreement" (**Exhibit "A"**).

32. On or about February 4, 2019, Plaintiffs executed a document styled as "Unison Homeowner Mortgage and Security Agreement" (**Exhibit "B"**).

33. The loan amount was $123,750.00.

34. In 2021, Plaintiffs contacted Defendant to pay off the loan in full.

35. Plaintiffs desired to pay the February 4, 2019 ($123,750.00) loan off in full.

36. Defendant refused to accept a payment within the bounds of Florida's usury law.

37. Defendant demanded $324,750.00 as the loan payoff (**Exhibit "C"**); that is 2 years, 9 months and 3 days into a $123,750.00 loan (thus the loan exceeded 18% interest per annum).

38. Plaintiffs suffered damages, which continue to accrue.

39. Plaintiffs have incurred attorney's fees, costs and expenses.

40. Prior to the filing of this Complaint, served Defendant with a demand letter seeking a loan payoff within the bounds of Florida's usury law.

**COUNT I**
**DECLARATORY RELIEF**

41. Plaintiffs re-allege the allegations contained in ¶¶ 1-40, as though fully set forth herein again.

42. This is an action for declaratory relief pursuant to §86.021, Florida Statute.

43. This Court has subject matter jurisdiction pursuant to §26.012 and §86.011, *et. seq.*, Florida Statutes.

44. All conditions precedent to bringing this action have been satisfied or waived.

45. §86.021, Florida Statute, provides that:

> "[a]ny person claiming to be interested or who may be in doubt about his or her rights under a deed, will, contract, or other article, memorandum, or instrument in writing or whose rights, status, or other equitable or legal relations are affected by a statute, or any regulation made under statutory authority, or by municipal ordinance, contract, deed, will, franchise, or other article, memorandum, or instrument in writing may have determined any question of construction or validity arising under such statute, regulation, municipal ordinance, contract, deed, will, franchise, or other article, memorandum, or instrument in writing, or any part thereof, and obtain a declaration of rights, status, or other equitable or legal relations thereunder."

**The Controversy**

46. Plaintiffs should be the equitable owner of the Property.

47. Plaintiffs seek to quiet title as of the date of the filing of this complaint.

48. An actual controversy has arisen and now exists between Plaintiffs and Defendant specified hereinabove regarding Plaintiffs' respective rights and duties in the Property.

49. Plaintiffs request a judicial determination of the rights, obligations and interest of the parties regarding the subject property, and such determination is necessary and appropriate under the circumstances so that all parties may ascertain and know their rights, obligations and interests regarding the subject property.

50. Plaintiffs are the equitable owners of the Property.

51. Plaintiffs therefore request a judicial determination of the rights, obligations and interest of the parties with regard to the Property, and such determination is necessary and appropriate at this time under the circumstances so that all parties may ascertain and know their rights, obligations and interests with regard to the Property.

52. Plaintiffs seek to quiet title as of the date of the filing of this Complaint.

53. Plaintiffs seek a judicial declaration that the title to the Subject Property is vested in Plaintiffs alone and that Defendant be declared to have no interest estate, right, title or any interest in the subject property and that Defendant, its agents and assigns, be forever enjoined from asserting any estate, right title or interest in the Subject Property subject to Plaintiffs' rights and declaring the subject transaction especially the Mortgage against them void.

54. The facts necessary for this Court to render Plaintiffs a declaration of rights as set forth in this Complaint and/or ascertainable by this Court.

55. Plaintiffs' interest in this declaration is actual, present, adverse and antagonistic in fact and/or law to Defendant's interest.

56. The antagonistic and adverse interests are all before the court by proper process.

57. The relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity.

58. Plaintiffs has no adequate remedy at law.

**WHEREFORE**, Plaintiffs, RADHEY LAL SINGHAL, NIRMALA SINGHAL, NIRAJ SINGHAL and VANESSA SINGHAL, pray that the Court take jurisdiction over the parties, the subject matter herein, and grant Plaintiffs the following relief: (a) judicial declaration that the title to the Subject Property is vested in Plaintiffs alone; (b) that Defendant be declared to have no interest estate, right, title or any interest in the subject property; (c) that Defendant, its agents and

assigns, be forever enjoined from asserting any estate, right title or interest in the Subject Property subject to Plaintiffs' rights; (d) that the Court declare the subject transaction (*i.e.*, the Memorandum of Unison Homeowner Agreement and Unison Homeowner Mortgage and Security Agreement) against them void; (e) grant Plaintiffs a jury trial as to damages and (f) any other relief as is deemed just and proper, and to which Plaintiff may be otherwise entitled to at law.

**COUNT II**
**USURY**

59. Plaintiffs re-allege the allegations contained in ¶¶ 1-40 as though fully set forth herein again.

60. The agreement between Plaintiffs and Defendant is usurious, as defined in Florida Statute 687.02 ("All contracts for the payment of interest upon any loan, advance of money, line of credit, or forbearance to enforce the collection of any debt, or upon any obligation whatever, at a higher rate of interest than the equivalent of 18 percent per annum simple interest are hereby declared usurious.").

61. The interest rate on the loan exceeds 18 percent per annum.

62. Plaintiffs seek damages pursuant to Florida Statute 687.147.

**WHEREFORE**, Plaintiffs, RADHEY LAL SINGHAL, NIRMALA SINGHAL, NIRAJ SINGHAL and VANESSA SINGHAL, pray that this Court enter judgment against Defendant for damages, costs and expenses of this action, an entitlement to attorney's fees, and any other relief as this Court deems just and proper, to which Plaintiffs may be otherwise entitled to at law.

**COUNT III**
**QUIET TITLE**

63. Plaintiffs re-allege the allegations contained in ¶¶ 1-40 as though fully set forth herein again.

64. The property that is the subject of this action is located at 1 N. Ocean Blvd., Unit #703, Pompano Beach, Florida 33062, being more particularly described as:

Unit 03, Level 7, of THE PLAZA AT OCEANSIDE, A CONDOMINIUM, according to the Declaration of Condominium thereof recorded in Official Records Book 45228, Page 866, of the Public Records of Broward County, Florida.

65. Plaintiffs were at all times herein mentioned the owner and/or entitled to possession of the Property.

66. Defendant claims an interest in the Property adverse to Plaintiffs herein.

67. Defendant's claim is without any right whatsoever, and Defendant has no legal or equitable right, claim, or interest in the Property.

68. Plaintiffs therefore seeks a declaration from this Court that the title to the Property is vested in Plaintiffs alone and that Defendant be declared to have no estate, right, title or interest in the subject property and that Defendant be forever enjoined from asserting any estate, right, title or interest in the Property adverse to Plaintiffs.

**WHEREFORE**, Plaintiffs, RADHEY LAL SINGHAL, NIRMALA SINGHAL, NIRAJ SINGHAL and VANESSA SINGHAL, pray that this Court enter a judgment quieting title, that the Court award Plaintiffs damages, costs and expenses of this action, and any other relief as this Court deems just and proper, to which Plaintiffs may be otherwise entitled to at law.

**COUNT IV**
**SLANDER OF TITLE**

69. Plaintiffs re-allege the allegations contained in ¶¶ 1-40 as though fully set forth herein again.

70. Defendant disparaged Plaintiffs exclusive valid right to title by through the preparing, posting, publishing, and recording of the documents previously described herein,

including, but not limited to, the Mortgage and other documents evidencing ownership of the Property by a party who does not possess that right.

71. Defendant knew or should have known that such documents were improper in that at the time of the execution and delivery of said documents, defendants had no right, the, or interest in the Property. These document were naturally and commonly to be interpreted as denying, disparaging, and casting doubt upon Plaintiffs' legal title to the Property. By posting, publishing, and recording the documents, Defendant's disparagement of Plaintiffs legal title was made to the world at large.

72. Defendant's claim constitutes a cloud on Plaintiffs' title to the property.

73. Plaintiffs therefore request a judicial determination of the rights, obligations, and interests of the parties with regard to the Property, and such determination is necessary and appropriate at this time under the circumstances so that all parties may ascertain and know their rights, obligations and interests with regard to the Property.

74. As a direct and proximate result of Defendant's conduct in publishing these documents, Plaintiffs' title to the Property has been disparaged and slandered, and there is a cloud on Plaintiffs' title, and Plaintiffs have suffered, and continues to suffer, damages in an amount to be proven at trial but in no event less than 1 million dollars.

75. As a further proximate result of Defendant's conduct, Plaintiffs incurred expenses in order to clear title to the Property. Moreover, these expenses are continuing, and Plaintiffs will incur additional charges for such purpose until the cloud on Plaintiffs' title to the property has been removed. The amounts of future expenses and damages are not ascertainable at this time.

76. At the time that the false and disparaging documents were created and published by Defendant, Defendant knew the documents were false and created and published them with the

malicious intent to injure Plaintiffs and deprive them of their exclusive right, title, and interest in the Property, and to obtain the Property for Defendant's own use by unlawful means.

77. Defendant's conduct in publishing the documents described above was fraudulent, oppressive, and malicious.

**WHEREFORE**, Plaintiffs, RADHEY LAL SINGHAL, NIRMALA SINGHAL, NIRAJ SINGHAL and VANESSA SINGHAL, pray that this Court enter judgment against Defendant in amount not less than $300,000.00, for additional damages, costs and expenses of this action, and any other relief as this Court deems just and proper, to which Plaintiffs may be otherwise entitled to at law.

**COUNT V**
**RESCISSION**

78. Plaintiffs re-allege the allegations contained in ¶¶ 1-40 as though fully set forth herein again.

79. An actual controversy now exists between Plaintiffs, who contend they have the right to rescind the loan on the subject Property alleged in this Complaint, and based on information and belief, Defendant denies that right.

80. Plaintiffs are entitled to rescind the Mortgage Loan/Ownership Agreement (*i.e.*, Memorandum of Unison Homeowner Agreement and Unison Homeowner Mortgage and Security Agreement).

81. The Truth in Lending Act, 15 U.S.C. §1601, *et. seq.* extends Plaintiffs' right to rescind a loan to three years from the date of closing if the borrower received false or incomplete disclosures of either the loans terms or Borrower's rights to rescind.

82. Here, Defendant has failed to properly disclose the details of the loan. Specifically, the initial disclosures do not satisfy TILA disclosures, and lack of diligence and collusion on the

part of Defendant's agents and actors has placed Plaintiffs in a loan they could not afford, and which would ultimately benefit Defendant following the negative amortization that accrued.

83. The public interest would be prejudiced by permitting the alleged contract to stand; such action would regard an unscrupulous lender.

**WHEREFORE**, Plaintiffs, RADHEY LAL SINGHAL, NIRMALA SINGHAL, NIRAJ SINGHAL and VANESSA SINGHAL, pray that this Court enter judgment that rescinds the Mortgage Loan/Ownership Agreement (*i.e.*, Memorandum of Unison Homeowner Agreement and Unison Homeowner Mortgage and Security Agreement), award Plaintiffs damages, costs and expenses of this action, and any other relief as this Court deems just and proper, to which Plaintiffs may be otherwise entitled to at law.

**COUNT VI**
**TRUTH IN LENDING/REGULATION Z**
(Violations of the Truth in Lending Act, 15 U.S.C § 1601 et seq.
and Regulation Z of the Federal Reserve Board, 12 C.F.R. § 226.1)

84. Plaintiffs re-allege the allegations contained in ¶¶ 1-40 as though fully set forth herein again.

85. Defendant violated the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") by allowing Plaintiffs to enter into a loan agreement which was wholly unsuitable for them.

86. The transaction that is the subject matter of this Complaint was and is a consumer-credit transaction within the meaning of TILA.

87. Defendant violated TILA by failing to provide Plaintiffs with accurate material disclosures required under TILA and not taking into account the intent of the statute which was to fully inform home buyers of the pros and cons of a credit transaction in a language (both written and spoken) that they can understand and comprehend; and advise them to compare similar products with other lenders. It also requires Defendant to offer other loan products that

might be more advantageous for Plaintiffs under the same qualifying matrix.

88. Defendant extended or offered credit for which a finance charge is or may be imposed or which by written agreement, is payable in more than four installments, and is the person or entity to which that transaction is subject to this action and is initially payable, making Defendant a creditor under 15 U.S.C. § 1602(f) and regulation Z 12 C.F.R. § 226.2(a)(17).

89. Plaintiffs executed a Security Agreement and a Mortgage which are consumer credit transactions within the meaning of 15 U.S.C. § 1601 and regulation Z, 12 C.F.R. § 226.

90. That transaction is governed by the Truth in Lending Act, 15 U.S.C § 1601 and regulation Z, 12 C.F.R. § 226.

91. Defendant failed to provide the required disclosures prior to consummation of the transaction in violation of 15 U.S.C § 1638(b) and regulation Z Section 226.17(a).

92. Defendant failed to make required disclosures clearly and conspicuously in writing in violation of 15 U.S.C. § 1632(a) and regulation Z § 226.17(a).

93. Defendant failed to include as finance charges certain other charges imposed by Defendant payable by Plaintiffs incident to the extension of credit as required by 15 U.S.C. § 1605 and regulation Z § 226.4, thus improperly disclosing finance charges in violation of 15 U.S.C § 1638(a) and regulation Z § 226.18(d).

94. Defendant improperly represented a loan as an investment in violation of 15 U.S.C. §1638(a)(2) and regulation Z § 226.18(b).

95. As a further direct and proximate result of Defendant's conduct Plaintiffs lost substantial equity in his home.

96. As a direct and proximate result of Defendant's conduct, Plaintiffs are permanently burdened by the fraudulent and unlawful agreement made by Defendant.

97. By reason for the foregoing violations of the act and regulation Z, Defendant is liable to pay Plaintiffs actual damages to be established at trial along with attorney's fees and costs in accordance with 15 U.S.C. § 1640.

**WHEREFORE**, Plaintiffs, RADHEY LAL SINGHAL, NIRMALA SINGHAL, NIRAJ SINGHAL and VANESSA SINGHAL, pray that this Court enter judgment against Defendant for damages, costs and expenses of this action, award Plaintiffs an entitlement to attorney's fees, and any other relief as this Court deems just and proper, to which Plaintiffs may be otherwise entitled to at law.

## COUNT VII
## UNCONSCIONABLE CONTRACT

98. Plaintiffs re-allege the allegations contained in ¶¶ 1-40 as though fully set forth herein again.

99. Defendant's actions as set forth herein, resulted in Plaintiffs being forced, tricked, and misled into giving away the majority of the equity in their home.

100. Defendant used the fact that Plaintiffs were unsophisticated homeowners and that Plaintiffs desperately needed money to convince Plaintiffs that this was a fair and reasonable transaction.

101. Defendant did not suggest that Plaintiffs retain any outside counsel or guidance and waited until the completion of a long process to provide an under-market appraisal of the value of the home.

102. Defendant intended to exploit Plaintiffs' special disadvantage and deny Plaintiffs rights to the Property.

103. Defendant, intentionally misrepresented to Plaintiffs that Defendant was entitled to a percentage of Plaintiffs' ownership interest. In fact, Defendant was not entitled to do so and had

no legal, equitable, or actual beneficial interest whatsoever in the Property.

104. Defendant's failure to disclose the material terms of the transaction induced the Plaintiffs to enter into the loan as alleged herein.

105. Plaintiff suffered damages, which continue to accrue.

**WHEREFORE**, Plaintiffs, RADHEY LAL SINGHAL, NIRMALA SINGHAL, NIRAJ SINGHAL and VANESSA SINGHAL, pray that this Court enter judgment: (1) finding that the Mortgage Loan/Ownership Agreement (*i.e.*, Memorandum of Unison Homeowner Agreement and Unison Homeowner Mortgage and Security Agreement) is unconscionable; (2) enter judgment against Defendant for damages, costs and expenses of this action, and any other relief as this Court deems just and proper, to which Plaintiffs may be otherwise entitled to at law.

**NOTICE OF INTENT TO PLEAD FOR PUNITIVE DAMAGES**

Plaintiffs serve notice that Plaintiffs intend to move the Court for leave to plead for punitive damages against Defendant, pursuant to Fla. Stat. §768.72.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury of all issues so triable.

Respectfully submitted,

/s/ *Scott M. Schirrman*
Scott M. Schirrman, Esquire
Florida Bar No. 841609
1961 Discovery Circle East
Deerfield Beach, FL 33442-1028
sc@lawstaff.info
info@lawstaff.info
Staff Contact: (754) 300-9369

/s/ *Eugene H. Steele*
Eugene H. Steele, Esq.
Florida Bar No. 144190
Post Office Box 30212
Fort Lauderdale, FL 33303-0212
es@lawstaff.info
info@lawstaff.info
Staff Contact: (754) 300-9369

Attorneys of Record for Radhey Lal Singhal,
Nirmala Singhal, Niraj Singhal and Vanessa Singhal

**Prepared by, recording requested by, and when recorded mail to:**

Bianca England
Unison Agreement Corp.
P.O. Box 26800
San Francisco, CA 94126-6800

Unison HomeOwner Agreement ID Number:
FRX-118220
parcel ID: 4843-31-CE-0410

FL492939
property Address: 1 N. Ocean Blvd Apt. 703, Pompano beach, FL 33062

# MEMORANDUM OF UNISON HOMEOWNER AGREEMENT

This **MEMORANDUM OF UNISON HOMEOWNER AGREEMENT** ("**Unison HomeOwner Recorded Memorandum**") is entered into as of 01/18/2019 ("**Effective Date**") by and between RADHEY SINGHAL AND NIRMALA SINGHAL, A MARRIED COUPLE AND NIRAJ SINGHAL, A MARRIED MAN, JOINED BY SPOUSE VANESSA SINGHAL (individually or collectively "**Owner**") and Unison Agreement Corp., a Delaware corporation, and its successors and assignees ("**Benefited Party**"), whose address is 650 California Street, Suite 1800, San Francisco, CA 94108.

## MEMORANDUM OF UNISON HOMEOWNER AGREEMENT

Owner hereby declares that Owner has entered into that certain Unison HomeOwner Agreement ("**Unison HomeOwner Agreement**") with Benefited Party, as of the Effective Date, pursuant to which Owner grants and conveys to Benefited Party the option to purchase an undivided percentage interest in that certain real property (the "**Property**") described in attached **SCHEDULE A** ("**Option**") and pursuant to which Owner has made certain covenants and promises to, or for the benefit of, Benefited Party in connection with the Property, all as more particularly described and on the terms and conditions stated in the Unison HomeOwner Agreement. The percentage interest shall equal the Investor Percentage as specified in the Unison HomeOwner Option Agreement. The Option is irrevocable by Owner. The term of the Option shall commence on the Effective Date and shall expire at 11:59 p.m., Pacific Time, on the day immediately preceding the thirtieth (30th) anniversary of the Effective Date ("**Expiration Date**") (subject to certain extensions as set forth in the Unison HomeOwner Agreement). The terms of the Unison HomeOwner Agreement are hereby incorporated into this Unison HomeOwner Recorded Memorandum by this reference.

## MEMORANDUM OF COVENANTS RUNNING WITH THE LAND

This Unison HomeOwner Recorded Memorandum identifies the covenants and promises set forth in the Unison HomeOwner Agreement that run with the land and will be binding upon any party who acquires Owner's interest in the Property so long as the Unison HomeOwner Agreement has not expired or been terminated. The Unison HomeOwner Agreement covenants are deemed to be covenants running with the land within the meaning the applicable law of the State of Florida so as to give it the broadest possible application, and include, without limitation:


© 2018, Unison

a. **Section 8.2** of the Unison HomeOwner Covenant Agreement which, among other things, requires Owner to maintain and repair the Property and to ensure that use of the Property complies with all applicable state, federal and local laws and regulations.

b. **Section 8.16** of the Unison HomeOwner Covenant Agreement which, among other things, requires Owner to maintain insurance on the Property against certain hazards.

c. **Section 8.10** of the Unison HomeOwner Covenant Agreement which, among other things, requires Owner to pay all taxes and assessments accruing on the Property.

d. **Section 8.8** of the Unison HomeOwner Covenant Agreement which, among other things, requires Owner to occupy the Property as Owner's principal residence and prohibits use of the Property for commercial or other non-residential purposes.

e. **Section 8.9** of the Unison HomeOwner Covenant Agreement which, among other things, restricts the ability of Owner to increase the amount of debt to third parties secured by liens on the Property beyond the Maximum Authorized Debt specified in the Unison HomeOwner Agreement, and requires Owner to keep the Property free of liens prohibited under the terms of the Unison HomeOwner Agreement or not otherwise approved by Benefited Party.

f. **Article Three** of the Unison HomeOwner Covenant Agreement which, among other things, restricts the right of Owner to transfer the Property other than as expressly permitted under the terms of the Unison HomeOwner Agreement.

[This space is intentionally left blank.]



© 2018, **Unison**

RELEASE

This Unison HomeOwner Recorded Memorandum shall remain in full force and effect until released by a written termination or quitclaim deed executed and notarized by Benefited Party and recorded in the real property records for the county where the Property is located, or until extinguished by operation of law.

[Signatures appear on the following page.]



© 2018, **Unison**

READ THIS DOCUMENT CAREFULLY BEFORE SIGNING IT. ALL PRIOR ORAL, ELECTRONIC AND WRITTEN COMMUNICATIONS AND AGREEMENTS FROM OR WITH BENEFITED PARTY, INCLUDING ALL CORRESPONDENCE, OFFER LETTERS, TERM SHEETS, PRINTED MATERIALS, DISCLOSURES, AND THE PROGRAM GUIDE, ARE MERGED INTO AND SUPERSEDED AND REPLACED BY THIS UNISON HOMEOWNER RECORDED MEMORANDUM, THE OTHER TRANSACTION DOCUMENTS, AND THE OTHER WRITTEN AGREEMENTS MADE BY AND BETWEEN OWNER AND BENEFITED PARTY AS OF THE EFFECTIVE DATE.

IN WITNESS WHEREOF, the undersigned Benefited Party and Owner have each executed this Unison HomeOwner Recorded Memorandum as of the date set forth above.

**BENEFITED PARTY:**

650 California Street
Suite 1800
San Francisco, CA 94108

Unison Agreement Corp.,
a Delaware corporation

By: ______________________

Name: Ismael Casas, Jr.

Title: Vice President

Date signed: 02/01/2019

By: ______________________ Bianca England, Witness

By: ______________________ Denise Claiborne, Witness

**OWNER:**

Please see attached

By: ______________________
Radhey Singhal

Date signed: ______________________

By: ______________________, Witness

By: ______________________, Witness

By: ______________________
Nirmala Singhal

Date signed: ______________________

By: ______________________, Witness

By: ______________________, Witness



© 2018, Unison

Form ______________(rev. 1/19/2018)

READ THIS DOCUMENT CAREFULLY BEFORE SIGNING IT. ALL PRIOR ORAL, ELECTRONIC AND WRITTEN COMMUNICATIONS AND AGREEMENTS FROM OR WITH BENEFITED PARTY, INCLUDING ALL CORRESPONDENCE, OFFER LETTERS, TERM SHEETS, PRINTED MATERIALS, DISCLOSURES, AND THE PROGRAM GUIDE, ARE MERGED INTO AND SUPERSEDED AND REPLACED BY THIS UNISON HOMEOWNER RECORDED MEMORANDUM, THE OTHER TRANSACTION DOCUMENTS, AND THE OTHER WRITTEN AGREEMENTS MADE BY AND BETWEEN OWNER AND BENEFITED PARTY AS OF THE EFFECTIVE DATE.

IN WITNESS WHEREOF, the undersigned Benefited Party and Owner have each executed this Unison HomeOwner Recorded Memorandum as of the date set forth above.

**BENEFITED PARTY:**

Unison Agreement Corp.,
a Delaware corporation

By: ______________________

Name: Ismael Casas, Jr.

Title: Vice President

Date signed: ______________________

By: ______________________, Witness

By: ______________________, Witness

**OWNER:**

By: [signature]
Radhey Singhal

Date signed: 02/04/19

By: [signature], Witness

By: ______________________, Witness

By: Nirmala Singhal [signature]
Nirmala Singhal

Date signed: 02/04/2019

By: [signature], Witness

By: ______________________, Witness

By: ____________________ By: ____________________ , Witness

Niraj Singhal

Date signed: FEB 1/2019 By: ____________________ , Witness

By: ____________________ By: ____________________ , Witness

Vanessa Singhal

Date signed: Feb 1/2019. By: ____________________ , Witness

**Property Address:**

1 N Ocean Blvd Apt 703
Pompano Beach, FL 33062

## ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of San Francisco )

On February 1, 2019 before me, Amy M Marsili, Notary Public
(insert name and title of the officer)

personally appeared Ismael Casas Jr.,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature [signature]

AMY M. MARSILI
COMM. #2218169
NOTARY PUBLIC-CALIFORNIA
MARIN COUNTY
My Comm. Expires Oct. 14, 2021

(Seal)

## OWNERS' ACKNOWLEDGMENT

STATE OF FLORIDA
COUNTY OF Palm Beach

The foregoing instrument was acknowledged before me this 4 day of Feb 2019 by

Radhey Singhal &
(Nirmala Singhal).

MARC I EPSTEIN
Commission #GG 160124
Commission Expires 11-14-2021
Bonded Through - Cynanotary
Florida - Notary Public

(NOTARY SEAL)

(Signature of Notary Public-State of Florida)

Marc I Epstein
(Name of Notary Typed, Printed, or Stamped)

Personally Known ______ OR Produced Identification ✓
Type of Identification Produced FL Drivers Lic.

**OWNERS' ACKNOWLEDGMENT**

PROVINCE ONTARIO
~~STATE~~ OF ~~FLORIDA~~
COUNTY OF OTTAWA-CARLETON

The foregoing instrument was acknowledged before me this 1st day of Feb, 2019, by

NIRAJ SINGHAL & VANESSA SINGHAL

(Signature of Notary Public-State of Florida)

(NOTARY SEAL)

GREGORY PETER FARNAND
(Name of Notary Typed, Printed, or Stamped)

GREGORY PETER FARNAND NOTARY PUBLIC ONTARIO

Greg Farnand, B.Admin., LL.B.
Barrister, Solicitor, Notary Public
3M-1410 Bearbrook Rd, Ottawa ON K1B 5R2

Personally Known ✓ OR Produced Identification _______
Type of Identification Produced ______________________

**SCHEDULE A**

**LEGAL DESCRIPTION**

That certain real property situated in the City of Pompano Beach, County of BROWARD, State of FL, described as follows:

THAT CERTAIN LAND SITUATE IN COUNTY OF BROWARD, STATE OF FLORIDA, VIZ:

UNIT 03, LEVEL 7, OF THE PLAZA AT OCEANSIDE, A CONDOMINIUM, ACCORDING TO THE DECLARATION OF CONDOMINIUM, THEREOF RECORDED IN OFFICIAL RECORDS BOOK 45228, PAGE 866, OF THE PUBLIC RECORDS OF BROWARD COUNTY, FLORIDA, AND ALL AMENDMENTS THERETO, TOGETHER WITH ITS UNDIVIDED SHARE IN THE COMMON ELEMENTS.

APN/Tax ID Number/Parcel Identification Number: 48-43-31-CE-0410

[end of legal description]

**Prepared by,**
**recording requested by, and**
**when recorded mail to:**

Bianca England
Unison Agreement Corp.
P.O. Box 26800
San Francisco, CA 94126-6800

Unison HomeOwner Agreement ID Number:
FRX-118220
Parcel ID: 4843-31-CE-0410

Unison Investment Payment/Consideration:
$123,750.00

Property Address: 1 N. Ocean Blvd Apt. 703, Pompano Beach, FL 33062

## UNISON HOMEOWNER MORTGAGE AND SECURITY AGREEMENT

This **SUBORDINATED UNISON HOMEOWNER MORTGAGE AND SECURITY AGREEMENT** (“**Unison HomeOwner Security Instrument**”), is made as of 01/18/2019 (“**Effective Date**”), by RADHEY SINGHAL AND NIRMALA SINGHAL, A MARRIED COUPLE AND NIRAJ SINGHAL, A MARRIED MAN, JOINED BY SPOUSE VANESSA SINGHAL (individually or collectively “**Mortgagor**”), in favor of Unison Agreement Corp., a Delaware corporation, and its successors and assignees (“**Mortgagee**”), whose address is 650 California Street, Suite 1800, San Francisco, CA 94108. Capitalized terms used in this Unison HomeOwner Security Instrument shall have the meanings specified in this Unison HomeOwner Security Instrument, or if not defined herein, in that certain Unison HomeOwner Covenant Agreement (“**Unison HomeOwner Covenant Agreement**”), Unison HomeOwner Option Agreement (“**Unison HomeOwner Option Agreement**”) and that certain Memorandum Of Unison HomeOwner Agreement (“**Unison Recorded Memorandum**”), which documents, together with this Unison HomeOwner Security Instrument, are collectively termed the “**Unison HomeOwner Agreement.**”

### 1. Grant.

MORTGAGOR HEREBY mortgages, grants, and conveys to Mortgagee, and its successors and assignees, all of that property (“**Real Property**”) located at 1 N Ocean Blvd Apt 703, Pompano Beach, FL 33062 as described in **SCHEDULE A**, attached hereto and made a part hereof, together with all improvements, replacements and additions now or hereafter erected on the Real Property and all easements, appurtenances and fixtures now or hereafter a part of the Real Property. Fixtures include built-in appliances, such as the Heat, Ventilation, and Air Conditioning systems, the plumbing, water ingress and water and sewage egress, electrical systems, and other structural or quasi-structural improvements to the property. (The fixtures, improvements and the Real Property are collectively referred to as the “**Property**.”)



© 2018, Unison 

Together with all rents, issues, profits and proceeds, including without limitation insurance and condemnation proceeds, from the Real Property, subject, however, to the right, power and authority given to and conferred upon Mortgagee below to collect and apply such rents, issues and profits.

MORTGAGOR COVENANTS that Mortgagor is lawfully siesed of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for Permitted Encumbrances and the Permitted Senior Lien. Mortgagee warrants and will defend generally the title to the Property against all claims and demands, subject to Permitted Encumbrances and the Permitted Senior Lien.

**2.** **<u>Secured Obligations</u>.** Mortgagor makes the grant, transfer and assignment set forth in the "Grant" Section above for the purpose of securing:

**a.** Mortgagor's performance and Mortgagee's rights, under the Unison HomeOwner Agreement;

**b.** the performance and payment of the obligations of Mortgagor under the Unison HomeOwner Agreement, including:

**(i)** payment of all **Protective Advances**, including any unpaid interest and other fees and charges associated with such Protective Advances, owed to Mortgagee under the Unison HomeOwner Covenant Agreement;

**(ii)** payment of all **Asset Administration Fees** owed to Mortgagee under the Unison HomeOwner Covenant Agreement;

**(iii)** payment of all insurance proceeds owed to Mortgagee pursuant to **Sections 8.16(e) and (f)** of the Unison HomeOwner Covenant Agreement;

**(iv)** payment of all condemnation proceeds owed to Mortgagee pursuant to **Section 8.17** of the Unison HomeOwner Covenant Agreement;

**(v)** performance of those obligations to Mortgagee specified in the Unison HomeOwner Agreement pursuant to **Articles Three, Four, Five, Eight and Nine** of the Unison HomeOwner Covenant Agreement, including, without limitation, payment of the Investor Interest under the Unison HomeOwner Agreement; and

**(vi)** performance of the obligations of Mortgagor under **Section 7.4** of the Unison HomeOwner Covenant Agreement regarding Mortgagee's right to sell the Property following exercise of the **Option** and during **Orderly Sale.**

c. damages (subject to liquidation as provided below) arising to, or incurred by, Mortgagee from Mortgagor's failure to act or interference with Mortgagee's rights under the Unison HomeOwner Agreement. Mortgagor and Mortgagee agree and



© 2018, Unison

acknowledge that the damages that would arise from Mortgagor's failure to act or interference are uncertain, depend on many factors, and would be extremely difficult to ascertain. Therefore, in a good faith effort to determine a method for reasonably estimating and liquidating the damages which would be incurred by Mortgagee arising from Mortgagor's interference or failure to act, Mortgagor and Mortgagee agree to the **Liquidated Damages** specified in **Section 8** below;

**d.** the performance of the obligations of Mortgagor contained in this Unison HomeOwner Security Instrument or incorporated by reference;

**e.** any expenditures made by Mortgagee pursuant to, or under, this Unison HomeOwner Security Instrument;

**f.** payment of all fees and expenses (including, as allowed by applicable law, court and other dispute resolution costs, attorneys' and experts' fees and costs, and fees and disbursements of in-house counsel (collectively "**Attorneys' Fees**")) incurred by Mortgagee in the enforcement and collection of the obligations listed above and the protection of Mortgagee's rights related thereto, whether such fees are incurred in any state, federal, appellate, or bankruptcy court or otherwise and whether or not litigation or arbitration is commenced. Attorneys' Fees shall include, without limitation, Attorneys' Fees incurred in any state, federal, appellate, or bankruptcy court, and in any bankruptcy case or insolvency proceeding, of any kind in any way related to this Unison HomeOwner Security Instrument, to the interpretation or enforcement of the parties' rights under this Unison HomeOwner Security Instrument, or to the Property;

The foregoing obligations are collectively referred to herein as the "**Obligations.**"

**g.** Mortgagor shall not be obligated to repay any part of the **Unison Investment Payment** (as defined in the Unison HomeOwner Agreement); and therefore, such items shall not be included within the Obligations. The foregoing shall <u>not</u>, however, in any way limit any payments calculated and agreed by Mortgagee to be paid pursuant to the Unison HomeOwner Agreement, according to the calculation of **Investor Proceeds** and **Investor Interest** (as defined in the Unison HomeOwner Agreement), including, without limitation, any such calculation in connection with a **Special Termination** as defined in **Section 6.2** of the Unison HomeOwner Covenant Agreement.

**3.** <u>**Fixture Filing.**</u> To the extent permitted under applicable law, the filing or recording of this Mortgage is intended to and shall constitute a fixture filing with respect to that portion of the Property which is or is to become Fixtures. The "Secured Party" is Mortgagee and the "Debtor" is Mortgagor. The name, type of organization, jurisdiction of organization and mailing addresses of the Secured Party and of the Debtor are set out in the preamble to this Mortgage. The land to which the Fixtures and Equipment are related is the Land, and Mortgagor is the record owner of the Land.

**4.** <u>**Absolute Assignment Of Leases And Rents.**</u> Mortgagor hereby irrevocably, absolutely and unconditionally assigns to Mortgagee all of Mortgagor's right, title and interest



© 2018, Unison

in and to all existing and future leases, subleases and licenses relating to the use, occupancy or enjoyment of all or any part of the Property and all rents, income, revenues, profits, proceeds and earnings now or hereafter payable with respect to the ownership, use or occupancy of the Property (collectively the "**Rents**"):

**a.** Mortgagor hereby gives to, and confers upon, Mortgagee the right, power and authority, during the continuance of this Unison HomeOwner Security Instrument, to collect the Rents, reserving unto Mortgagor the right, prior to any default by Mortgagor in payment of the Obligations secured hereby or in performance of any agreement hereunder, to collect and retain such Rents, as they become due and payable.

**b.** Upon any such default, Mortgagee may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the Obligations secured hereby, enter upon and take possession of the Property or any part of it, in its own name sue for or otherwise collect such Rents, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including Attorneys' Fees to the Obligations secured hereby, and in such order as Mortgagee may determine.

**c.** The entering upon and taking possession of the Property, the collection of such rents, issues and profits and the application of such rents, issues and profits pursuant to this Unison HomeOwner Security Instrument, shall not cure or waive any default or notice of default under this Unison HomeOwner Security Instrument or invalidate any act done pursuant to such notice.

**a.** Nothing in this section shall permit Mortgagor to lease or rent the Property in contravention of any provision of the Unison HomeOwner Agreement; nor shall anything in this section modify any provision in the Unison HomeOwner Agreement relating to the use, lease or occupancy of the Property.

**b.** Notwithstanding the foregoing, to the extent an absolute assignment of the Rents is not enforceable in Florida, this provision shall be construed as a collateral assignment of the Rents by Mortgagor to Mortgagee as security for the performance of the obligations under this Mortgage and the Unison HomeBuyer Agreement.

**5.** **<u>Covenants of Mortgagor Regarding the Property</u>**. Mortgagor hereby agrees as follows:

**a.** To appear in and defend any action or proceeding purporting to affect the security of this Unison HomeOwner Security Instrument or the rights or powers of Mortgagee; and to pay all costs and expenses of Mortgagee (including cost of evidence of title and Attorneys' Fees) incurred: **(i)** in any state, federal, appellate, or bankruptcy court, in any action or proceeding in which Mortgagee may appear, and in any suit brought by Mortgagee to foreclose this Unison HomeOwner Security Instrument or to collect the Obligations or to protect Mortgagee's rights under this Unison HomeOwner Security Instrument; and/or **(ii)** in connection with the enforcement of any provisions of this Unison



© 2018, Unison

HomeOwner Security Instrument or in connection with foreclosure upon the collateral granted under this Unison HomeOwner Security Instrument (whether or not suit is filed).

**b.** To pay at least ten (10) days before delinquency, all taxes and assessments affecting the Property; and all encumbrances, charges and liens, with interest, on the Property (or any part of the Property), which are prior or could obtain priority to the lien or to the rights granted under this Unison HomeOwner Security Instrument, and all costs, fees and expenses of this Unison HomeOwner Security Instrument.

**(i)** If Mortgagor fails to make any payment or to do any act as provided in this Unison HomeOwner Security Instrument, Mortgagee may (but shall not be obligated to) make the payment or do the act in the required manner and to the extent deemed necessary by Mortgagee to protect the security for this Unison HomeOwner Security Instrument, which payments and related expenses (including Attorneys' Fees) shall also be secured by this Unison HomeOwner Security Instrument.

**(ii)** Such performance by Mortgagee shall not require notice to, or demand on, Mortgagor and shall not release Mortgagor from any obligation under this Unison HomeOwner Security Instrument.

**(iii)** Mortgagee shall have the following related rights and powers: **(A)** to enter upon the Property for the foregoing purposes, **(B)** to appear in and defend any action or proceeding purporting to affect the Property or the rights or powers of Mortgagee under this Unison HomeOwner Security Instrument, **(C)** to pay, purchase, contest or compromise any encumbrance, charge, or lien that in the judgment of Mortgagee appears to be prior or superior to this Unison HomeOwner Security Instrument, and **(D)** to employ counsel, and to pay such counsel necessary expenses and costs, including Attorneys' Fees.

**c.** To pay immediately upon demand all sums expended by Mortgagee pursuant to this Unison HomeOwner Security Instrument; and to pay interest on any of the foregoing amounts demanded by Mortgagee at a rate not to exceed the maximum rate allowed under § 55.03 Florida Statutes at the time of such demand.

**6.** **Power of Attorney**. Mortgagor hereby irrevocably appoints Mortgagee as Mortgagor's attorney-in-fact (such agency being coupled with an interest), and as such attorney-in-fact Mortgagee may, after providing notice to Mortgagor pursuant to the Unison HomeOwner Agreement, without the obligation to do so, in Mortgagee's name, or in the name of Mortgagor, prepare, execute and file or record financing statements, continuation statements, applications for registration and like documents necessary to create, perfect or preserve any of Mortgagee's security interests and rights in or to any of the Property, and, upon a default under this Unison HomeOwner Security Instrument, take any other action required of Mortgagor; provided, however, that Mortgagee as such attorney-in-fact shall be accountable only for such funds as are actually received by Mortgagee. Mortgagor acknowledges that this power of attorney is coupled with an interest, in that Mortgagee has an interest in the property at issue that is not contingent upon it exercising the powers granted in

this paragraph, and that as a result, in addition to any other consequences under law, this power is irrevocable and will survive Mortgagor's death or incompetence.

7. **Default and Foreclosure**. Upon default by Mortgagor in the performance of or upon breach by Mortgagor of any of the rights and obligations that are secured by this Security Instrument as specified above, Mortgagee may declare all performance and obligations secured by this Unison HomeOwner Security Instrument immediately due by delivery to Mortgagor of a written declaration of default. If any default shall have occurred and is continuing on the part of the Mortgagor, the Mortgagee may take any or all of the following actions, at the same or at different times:

**a.** **Possession**. Mortgagee may enter upon and take possession of the Property; lease and let the Property; and receive all the rents, income, issues and profits thereof which are overdue, due or to become due; and apply the same, after payment of all necessary charges and expenses, on account of the Obligations hereby secured. Mortgagee is given and granted full power and authority to do any act or thing which the Mortgagor or successors or assignees of the Mortgagor who may then own the Property might or could do in connection with the ownership, use and maintenance of the Property. This covenant becomes effective either with or without any action brought to foreclose this Unison HomeOwner Security Instrument and without applying for a receiver of such rents, if any. Should said rents or any part thereof be assigned without the consent of the holder of this Unison HomeOwner Security Instrument, then the Obligations secured by this Unison HomeOwner Security Instrument shall at the option of the holder hereof become due and payable immediately, anything herein contained to the contrary notwithstanding.

**b.** **Appointment of Receiver**. Mortgagee may have a receiver of the rents, income, issues and profits of the Property appointed without the necessity of proving either the depreciation or the inadequacy of the value of the security or the insolvency of the Mortgagor or any other person who may be legally or equitably liable for the Obligations secured hereby, and the Mortgagor and each such person waive such proof and consent to the appointment of a receiver.

**c.** **Fair Rental Payments**. If Mortgagor or any subsequent owner is occupying the Property or any part thereof, it is hereby agreed that the said occupants shall pay such reasonable rental monthly in advance as Mortgagee shall demand for the Property or the part so occupied, and for the use of personal property covered by this Unison HomeOwner Security Instrument or any chattel mortgage.

**d.** **Acceleration; Remedies.** **Mortgagee shall give notice to Mortgagor following Mortgagor's breach of any covenant or agreement in this Unison HomeOwner Security Instrument. The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Mortgagor, by which the default must be cured; (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the Obligations secured by this Unison HomeOwner Security Instrument, foreclosure by**



© 2018, Unison

**judicial proceeding and sale of the Property; and (e) the Mortgagor's right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Mortgagor to acceleration and foreclosure. If the default is not cured on or before the date specified in the notice, Mortgagee at its option may require immediate peformance in full of all Obligations secured by this Unison HomeOwner Security Instrument without further demand and may foreclose this Unison HomeOwner Security Instrument by judicial proceeding. Mortgagee shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 7, including, but not limited to, Attorneys' Fees and costs of title evidence permitted by Rules of Court.**

**e.** **Remedies at Law or Equity.** Mortgagee may take any of the remedies otherwise available to it as a matter of law or equity.

**8.** **Liquidated Damages.** Liquidated Damages means an amount equal to the Unison Investment Payment of $123,750.00.

**9.** **Late Performance**. By accepting performance of any Obligation after its due date, Mortgagee does not waive its right either to require prompt performance when due of all other Obligations or to declare default for such failure to perform.

**10.** **Mortgagee's Powers**. At any time or from time to time, without liability therefor and without notice, upon written request of Mortgagor and presentation of this Unison HomeOwner Security Instrument, and without affecting the personal liability of any person for the performance of the Unison HomeOwner Agreement secured hereby, Mortgagee may: **(a)** release any part of the Property; **(b)** consent to the making of any map or plat of the Property; **(c)** join in granting any easement thereon; and **(d)** join in any extension agreement or any agreement subordinating the lien or charge of this Unison HomeOwner Security Instrument.

**11.** **Defeasance**. If Mortgagor shall well and truly satisfy all Obligations secured hereby at the time and in the manner provided in this Unison HomeOwner Security Instrument and in the Unison HomeOwner Agreement, and Mortgagor shall well and truly abide by and comply with each and every covenant and condition set forth in this Unison HomeOwner Security Instrument and in the Unison HomeOwner Agreement, then these presents and the lien and interest hereby transferred and assigned shall cease, terminate and be void. Mortgagee shall release the Property and renounce any other rights granted to it herein and shall execute, at the request of the Mortgagor, a release of this Unison HomeOwner Security Instrument and any other instrument to that effect deemed necessary or desirable, upon performance being made on the Obligations secured hereby. Mortgagor shall pay any recordation costs. Mortgagee may charge Mortgagor a fee for releasing this Unison HomeOwner Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under applicable law.

**12.** **Subordination**. This Unison HomeOwner Security Instrument is subordinate to and junior to that certain Unison Recorded Memorandum which affects the Property and is executed by Mortgagor as "**Owner**" as of the same date as this Unison HomeOwner Security



© 2018, Unison

Instrument. Upon any foreclosure of this Unison HomeOwner Security Instrument by Mortgagee, despite such foreclosure, the Unison HomeOwner Memorandum will remain in full force and effect (until released pursuant to its terms) and binding upon any person who now or hereafter obtains an interest in the Property; and the Unison HomeOwner Agreement will remain in full force and effect and binding upon Mortgagor, and any other person who may agree to be bound by such documents.

**13.** **Successors.** This Unison HomeOwner Security Instrument applies to, inures to the benefit of, and binds all parties to this Unison HomeOwner Security Instrument, their heirs, legatees, devisees, administrators, executors, successors, and assignees. The term "**Mortgagee**" shall include any successor or assignee of Mortgagee's rights in the Unison HomeOwner Agreement and in this Unison HomeOwner Security Instrument, whether or not named as Mortgagee in this Unison HomeOwner Security Instrument. In this Unison HomeOwner Security Instrument, whenever the context so requires, the masculine gender includes the feminine and/or the neuter, and the singular number includes the plural.

**14.** **Joint and Several Liability.** If more than one person signs this Unison HomeOwner Security Instrument as Mortgagor, the obligations of each signatory shall be joint and several.

**15.** **Multiple Owners**. If there are multiple Mortgagors of the Property:

**a.** this Unison HomeOwner Security Instrument must be signed by each such Mortgagor;

**b.** all rights and powers specified for Mortgagor in this Unison HomeOwner Security Instrument must be approved and exercised unanimously by all such multiple Mortgagors;

**c.** all such multiple Mortgagors shall be jointly and severally liable for all liabilities and obligations specified for Mortgagor under this Unison HomeOwner Security Instrument;

**d.** notice required to be given by, or to, Mortgagor will be deemed adequately given if given by, or to, any of Mortgagors using the contact information set forth in this Unison HomeOwner Security Instrument; and

**e.** Mortgagee may treat any notice received from any one Mortgagor as notice from all Mortgagors.

**16.** **Revocable Trust.** If all or any portion of the Property is held in a **Revocable Trust** (as defined in the Unison HomeOwner Agreement):

**a.** all trustees of the Revocable Trust must sign this Unison HomeOwner Security Instrument as Mortgagor in their capacities as trustees of the Revocable Trust, and each trustee of the Revocable Trust who signs this Unison HomeOwner Security Instrument



© 2018, Unison

hereby represents and warrants that all trustees of the Revocable Trust have been disclosed to Mortgagee;

**b.** all rights and powers specified for, and all actions required of, Mortgagor in this Unison HomeOwner Security Instrument must be approved and exercised unanimously by all trustees of the Revocable Trust;

**c.** all trustees of the Revocable Trust, in their capacities as trustees, shall be jointly and severally liable with any non-trustee Mortgagor for all liabilities and obligations specified for Mortgagor under this Unison HomeOwner Security Instrument;

**d.** all representations and warranties by Mortgagor in this Unison HomeOwner Security Instrument are made by all trustees of the Revocable Trust on behalf of the Revocable Trust;

**e.** notice required to be given by, or to, any Mortgagor will be deemed adequately given if given by, or to, any of the trustees of the Revocable Trust using the contact information set forth in this Unison HomeOwner Security Instrument; and

**f.** Mortgagee may treat any notice received from any one trustee of the Revocable Trust as notice from all trustees of the Revocable Trust and from Mortgagor.

**17.** **Incorporation by Reference**. **Schedule A** to this Unison HomeOwner Security Instrument is hereby incorporated by this reference.

**18.** **Extent of Lien.** The lien granted under this Unison HomeOwner Security Instrument shall encumber Mortgagor's entire interest in the Property, notwithstanding the fact that the Unison HomeOwner Agreement relates to only a fractional interest in the Property.

**19.** **No Merger**. So long as any of the obligations under the Unison HomeOwner Agreement remains outstanding and undischarged, unless Mortgagee otherwise consents in writing, the fee estate of Mortgagor in the Property or any part thereof (including the estate of Mortgagee after exercising the Unison HomeOwner Option) will not merge, by operation of law or otherwise, with any other estate in the Property or any part of it, but will always remain separate and distinct, notwithstanding the union of the fee estate and such other estate in Mortgagee or in any other Person.

**20.** **No Claim of Credit for Taxes**. Mortgagor will not make deduction from or claim credit on the principal or interest secured by this Unison HomeOwner Security Instrument by reason of any governmental taxes, assessments or charges. Mortgagor will not claim any deduction from the taxable value of the Property by reason of this Unison HomeOwner Security Instrument.

**21.** **Florida Documentary Stamp Tax.** If the Property is located in Florida, Florida documentary stamp tax in the amount required by law has been paid in connection with the recording of the Security Instrument in favor of Lender securing the indebtedness evidenced by this Unison HomeOwner Security Instrument.



© 2018, **Unison** 

READ THIS DOCUMENT CAREFULLY BEFORE SIGNING IT. ALL PRIOR ORAL, ELECTRONIC AND WRITTEN COMMUNICATIONS AND AGREEMENTS FROM OR WITH MORTGAGEE, INCLUDING ALL CORRESPONDENCE, OFFER LETTERS, TERM SHEETS, PRINTED MATERIALS, DISCLOSURES, AND THE PROGRAM GUIDE, ARE MERGED INTO AND SUPERSEDED AND REPLACED BY THIS UNISON HOMEOWNER SECURITY INSTRUMENT, THE OTHER TRANSACTION DOCUMENTS, AND THE OTHER WRITTEN AGREEMENTS MADE BY AND BETWEEN OWNER AND MORTGAGEE AS OF THE EFFECTIVE DATE.

**MORTGAGOR UNDERSTANDS THAT BY EXECUTING THIS MORTGAGE HE OR SHE IS ALIENATING THE SUBJECT PROPERTY FOR PURPOSES OF HOMESTEAD PROTECTION.**

**MORTGAGOR HEREBY DECLARES THAT MORTGAGOR HAS READ THIS UNISON HOMEOWNER SECURITY INSTRUMENT, HAS RECEIVED A COMPLETELY FILLED IN COPY OF IT WITHOUT CHARGE THEREFOR AND HAS SIGNED THIS UNISON HOMEOWNER SECURITY INSTRUMENT AS OF THE EFFECTIVE DATE.**

IN WITNESS WHEREOF, each undersigned Mortgagor has executed this Unison HomeOwner Security Instrument under seal as of the date set forth above.

Signed, sealed and delivered in the Presence of:



© 2018, **Unison**

MORTGAGOR:

By: ______________________, Witness
By: ______________________, Witness

By: ______________________
Radhey Singhal
Date signed: 02/04/19

By: ______________________, Witness
By: ______________________, Witness

By: ______________________
Nirmala Singhal
Date signed: 02/04/2019

By: ______________________, Witness
By: ______________________, Witness

By: ______________________
Niraj Singhal
Date signed: FEB 1/2019.

By: ______________________, Witness
By: ______________________, Witness

By: ______________________
Vanessa Singhal
Date signed: Feb 1/2019



© 2018, Unison

# All Purpose Acknowledgement

State of: Florida

County of: Palm Beach

On this 4 day of Feb 2019, before me

Marc Epstein Notary Public, personally appeared

Radhey Singhal & Nirmala Singhal personally known to me or proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed this instrument.

Witness my hand and seal:

Marc Epstein

(Seal)

NOTARY PUBLIC STATE OF FLORIDA
MARC I EPSTEIN
Commission #GG 160124
Commission Expires 11-14-2021
Bonded Through - Cynanotary
Florida - Notary Public

Printed Name:

My commission expires:

NOTARY PUBLIC STATE OF FLORIDA
MARC I EPSTEIN
Commission #GG 160124
Commission Expires 11-14-2021
Bonded Through - Cynanotary
Florida - Notary Public

DESCRIPTION OF ATTACHED DOCUMENT

Loan Number:

Document Type:

## ACKNOWLEDGMENT

Province Ontario
~~STATE~~ OF ~~FLORIDA~~
COUNTY OF Ottawa-Carleton

The foregoing instrument was acknowledged before me this 1st day of Feb, 2019, by

Niraj Singhal & Vanessa Singhal

(Signature of Notary Public-State of Florida)

(NOTARY SEAL)

Gregory Peter Farnand
(Name of Notary Typed, Printed, or Stamped)

GREGORY PETER FARNAND
Barrister, Solicitor, Notary Public
Bunning & Farnand LLP
#204 - 110 Bearbrook Road
Ottawa, ON K1B 5R2

Personally Known ✓ OR Produced Identification _______
Type of Identification Produced ______________________



© 2018, Unison

## SCHEDULE A

## LEGAL DESCRIPTION

That certain real property situated in the City of Pompano Beach, County of BROWARD, State of Florida, described as follows:

THAT CERTAIN LAND SITUATE IN COUNTY OF BROWARD, STATE OF FLORIDA, VIZ:

UNIT 03, LEVEL 7, OF THE PLAZA AT OCEANSIDE, A CONDOMINIUM, ACCORDING TO THE DECLARATION OF CONDOMINIUM, THEREOF RECORDED IN OFFICIAL RECORDS BOOK 45228, PAGE 866, OF THE PUBLIC RECORDS OF BROWARD COUNTY, FLORIDA, AND ALL AMENDMENTS THERETO, TOGETHER WITH ITS UNDIVIDED SHARE IN THE COMMON ELEMENTS.

Parcel Identification Number: 48-43-31-CE-0410

[end of legal description]

Street Address: 1 N Ocean Blvd Apt 703, Pompano Beach



© 2018, Unison

Unison Investment Management
650 California Street, Suite 1800
San Francisco, CA 94108

unison
Investment Management

November 11, 2021

Closing Agent

Re: Radhey Singhal and Nirmala Singhal
File Number: FRX-118220
1 N Ocean Blvd Apt 703, Pompano Beach, FL 33062

Dear Closing Agent,

The following will constitute our demand for payoff of the above referenced Unison HomeOwner Agreement:

Upon confirmation of payment to Odin New Horizon Real Estate Fund LP ("ODIN") of the following amount (the "Termination Amount"):

***Three Hundred Twenty Four Thousand Seven Hundred Fifty Dollars ($324,750)***

Payment must be received by ODIN not later than December 11, 2021 (the "Termination Deadline"), and shall be made by wire in accordance with the attached Wiring Instructions.

Upon full payment of the referenced demand and receipt of funds by ODIN you will be authorized to record the following documents:

- Quitclaim Deed
- Satisfaction of Mortgage

The responsibility to pay all charges, amounts, costs, expenses and taxes, if any, in connection with recording of these documents is to the homeowner.

Please contact the Unison Home Partnership Team at (800) 330-5800 for any questions relating to this matter.

Sincerely yours,

Odin New Horizon Real Estate Fund LP

By: Unison Investment Management, LLC, as Servicer

**Please see the attached addendum for a breakdown of the payoff amount*

Unison Investment Management
650 California Street, Suite 1800
San Francisco, CA 94108

unison
Investment Management

Payoff Calculation Addendum

## Agreement Terms

| | |
|---|---|
| Original Agreed Value | $825,000.00 |
| Investor Percentage | 60.000 % |
| Purchase Price | $495,000.00 |
| Original Investment Price | $123,750.00 |
| Purchase Price Balance | $371,250.00 |

## Calculator

| | |
|---|---|
| Ending Agreed Value | $1,160,000.00 |
| Remodeling Adjustment | $0.00 |
| Early Termination Adjustment | |
| OAV Floor? | Yes |
| OAV Floor Adjustment | $0.00 |
| Adjusted Ending Value | $1,160,000.00 |
| Investor Percentage | 60.000 % |
| Investor Share | $696,000.00 |
| Purchase Price Balance | $371,250.00 |
| **Total Amount Due** | **$324,750.00** |

Unison Investment Management
650 California Street, Suite 1800
San Francisco, CA 94108

unison
Investment Management

# Odin New Horizon Real Estate Fund LP
## Wiring Instructions
## To JPMorgan Chase Bank, N.A.

---

| | |
|---|---|
| PAY TO BANK: | **JPMorgan Chase Bank, N.A.** |
| ABA / ROUTING #: | **021000021** |
| ACCOUNT #: | **358569769** |
| BENEFICIARY: | **Odin New Horizon Real Estate Fund LP** |
| REFERENCE TO BENEFICIARY: | **FRX-118220*** ** |

***** Please include Reference to Beneficiary in wire instructions *****

---