**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**RADHEY LAL SINGHAL,**
**NIRMALA SINGHAL,**
**NIRAJ SINGHAL, and**
**VANESSA SINGHAL,**

Plaintiffs,

vs. Case No. **0:22-cv-60656-AHS**

**UNISON AGREEMENT CORP.,**

Defendant.
_______________________________/

**AMENDED COMPLAINT**

Plaintiffs, RADHEY LAL SINGHAL, NIRMALA SINGHAL, NIRAJ SINGHAL and VANESSA SINGHAL, by and through their undersigned attorneys, sue Defendant, UNISON AGREEMENT CORP. This is a lawsuit for Declaratory Relief, Usury, Quiet Title, Recission, and Unconscionable Contract.

**JURISDICTION, PARTIES AND VENUE**

1. On March 31, 2022, Defendant removed this matter from the 17th Judicial Circuit, Broward County, Florida (DE #1).

2. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs state law claims.

3. Plaintiff, Radhey Lal Singhal, is a resident of Florida and is sui juris.

4. Plaintiff, Nirmala Singhal, is a resident of Florida and is sui juris.

5. Plaintiff, Niraj Singhal, is a resident of Ottawa, Ontario, Canada and is sui juris.

6. Plaintiff, Vanessa Singhal, is a resident of Ottawa, Ontario, Canada and is sui juris.

7. Defendant, Unison Agreement Corp., is a foreign profit corporation that conducts

business in Broward County, Florida.

8. The subject property at issue is located in Broward County, Florida.

9. The events which give rise to this Complaint accrued in Broward County, Florida.

10. All conditions precedent to this action have been satisfied, occurred or waived.

**GENERAL ALLEGATIONS**

11. Plaintiffs were and are at all relevant times to this Complaint, the owners of certain real property located at 1 N. Ocean Blvd., Unit #703, Pompano Beach, Florida 33062, being more particularly described as:

> Unit 03, Level 7, of THE PLAZA AT OCEANSIDE, A CONDOMINIUM, according to the Declaration of Condominium thereof recorded in Official Records Book 45228, Page 866, of the Public Records of Broward County, Florida.

12. Upon information and belief, at all relevant times Defendant, Unison Agreement Corp., is a Delaware corporation with its principal place of business at 650 California Street, Suite 1800, San Francisco, California 94108.

13. Defendant conducts business in Florida.

14. Defendant is subject to the jurisdiction of this Court.

15. Defendant was founded in 2004, and is a national company headquartered in San Francisco, California.

16. Defendant and its agents, actors and alter egos created and maintain a website utilizing the domain name unison.com ("Website").

17. The content of the Website purports to inform a potential participant of Defendant's program with what facially appears to be factual statements relating to the Unison "co-investment" model and is designed so that an uninformed person reviewing the site would believe the published

statements to be fact as they are published on the Website.

18. Defendant is grossly irresponsible in the publication of the Website content. The content is not only misleading, but patently false and is published on the Website with reckless disregard for the truth.

19. Defendant utilizes the Website as a springboard to contact individuals, to induce them to do business with Defendant.

20. Defendant, through its Website, touts itself as an entity that offers an alternative to home loans with something they call "home co-investing."

21. Defendant, through its Website, intentionally and recklessly publishes false and deceptive statements to uninformed homeowners for the purpose of gaining a pecuniary advantage based upon publishing such false and deceptive statements.

22. Defendant claims to provide a program in which it provides homeowners with an upfront cash payment, in exchange, the company takes a share of the appreciation when the home is sold.

23. Defendant falsely claims that they are not giving the homeowner a loan, but rather purchasing a percentage of their ownership interest.

24. Defendant also falsely claims that the homeowners have the ability to buyout at any time without penalty.

25. Defendant describes itself as a co-investor in the homeowner's property for a share in the appreciation of the value of that property. However, this program is actually a high-interest loan disguised as an investment in homeownership.

26. Defendant obtains its ownership interest in a homeowner's property based upon the current home equity, which is determined in Defendant's sole discretion and upon an appraisal

requisitioned by Defendant.

27. Defendant provides a cash payment immediately, and the recipient's obligation to pay principal and interest payments is deferred.

28. By falsely and deceptively claiming to offer certain advantages over conventional borrowing, Defendant preys on the vulnerabilities of senior citizens and low-income borrowers.

29. Defendant typically targets a homeowner trying to get out of debt, to whom the avoidance of monthly principal and interest payments are particularly palatable.

30. Most glaring is Defendant's failure to disclose that the participants in Defendant's *loan* programs relinquish substantial equity in their home's value, and that Defendant intentionally understates and/or ignores the home's true value.

31. On February 4, 2019, Plaintiffs executed a document styled as "Memorandum of Unison Homeowner Agreement" (**Exhibit "A"**).

32. On or about February 4, 2019, Plaintiffs executed a document styled as "Unison Homeowner Mortgage and Security Agreement" (**Exhibit "B"**).

33. The loan amount was $123,750.00.

34. In 2021, Plaintiffs contacted Defendant to pay off the loan in full.

35. Plaintiffs desired to pay the February 4, 2019 ($123,750.00) loan off in full.

36. Defendant refused to accept a payment within the bounds of Florida's usury law.

37. Defendant demanded $324,750.00 as the loan payoff (**Exhibit "C"**); that is 2 years, 9 months and 3 days into a $123,750.00 loan (thus the loan exceeded 18% interest per annum).

38. Plaintiffs suffered damages, which continue to accrue.

39. Plaintiffs have incurred attorney's fees, costs and expenses.

40. Prior to the filing of the initial complaint, Plaintiffs served Defendant with a

demand letter seeking a loan payoff within the bounds of Florida's usury law.

**COUNT I**
**DECLARATORY RELIEF**

41. Plaintiffs re-allege the allegations in ¶¶ 1-40 as though fully set forth herein again.

42. This is an action for declaratory relief pursuant to §86.021, Florida Statute.

43. This Court has subject matter jurisdiction pursuant to §26.012 and §86.011, *et. seq.*, Florida Statutes.

44. All conditions precedent to bringing this action have been satisfied or waived.

45. §86.021, Florida Statute, provides that:

> "[a]ny person claiming to be interested or who may be in doubt about his or her rights under a deed, will, contract, or other article, memorandum, or instrument in writing or whose rights, status, or other equitable or legal relations are affected by a statute, or any regulation made under statutory authority, or by municipal ordinance, contract, deed, will, franchise, or other article, memorandum, or instrument in writing may have determined any question of construction or validity arising under such statute, regulation, municipal ordinance, contract, deed, will, franchise, or other article, memorandum, or instrument in writing, or any part thereof, and obtain a declaration of rights, status, or other equitable or legal relations thereunder."

**The Controversy**

46. Plaintiffs should be the equitable owner of the Property.

47. Plaintiffs seek to quiet title as of the date of the filing of this complaint.

48. An actual controversy has arisen and now exists between Plaintiffs and Defendant specified hereinabove regarding Plaintiffs' respective rights and duties in the Property.

49. Plaintiffs request a judicial determination of the rights, obligations and interest of the parties regarding the subject property, and such determination is necessary and appropriate under the circumstances so that all parties may ascertain and know their rights, obligations and interests regarding the subject property.

50. Plaintiffs are the equitable owners of the Property.

51. Plaintiffs therefore request a judicial determination of the rights, obligations and interest of the parties with regard to the Property, and such determination is necessary and appropriate at this time under the circumstances so that all parties may ascertain and know their rights, obligations and interests with regard to the Property.

52. Plaintiffs seek to quiet title as of the date of the filing of this Complaint.

53. Plaintiffs seek a judicial declaration that the title to the Subject Property is vested in Plaintiffs alone and that Defendant be declared to have no interest estate, right, title or any interest in the subject property and that Defendant, its agents and assigns, be forever enjoined from asserting any estate, right title or interest in the Subject Property subject to Plaintiffs' rights and declaring the subject transaction especially the Mortgage against them void.

54. The facts necessary for this Court to render Plaintiffs a declaration of rights as set forth in this Complaint and/or ascertainable by this Court.

55. Plaintiffs' interest in this declaration is actual, present, adverse and antagonistic in fact and/or law to Defendant's interest.

56. The antagonistic and adverse interests are all before the court by proper process.

57. The relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity.

58. Plaintiffs has no adequate remedy at law.

**WHEREFORE**, Plaintiffs, RADHEY LAL SINGHAL, NIRMALA SINGHAL, NIRAJ SINGHAL and VANESSA SINGHAL, pray that the Court take jurisdiction over the parties, the subject matter herein, and grant Plaintiffs the following relief: (a) judicial declaration that the title to the Subject Property is vested in Plaintiffs alone; (b) that Defendant be declared to have no interest estate, right, title or any interest in the subject property; (c) that Defendant, its agents and

assigns, be forever enjoined from asserting any estate, right title or interest in the Subject Property subject to Plaintiffs' rights; (d) that the Court declare the subject transaction (*i.e.*, the Memorandum of Unison Homeowner Agreement and Unison Homeowner Mortgage and Security Agreement) against them void; (e) grant Plaintiffs a jury trial as to damages and (f) any other relief as is deemed just and proper, and to which Plaintiffs may be otherwise entitled to at law.

**COUNT II**
**USURY**

59. Plaintiffs re-allege the allegations in ¶¶ 1-40 as though fully set forth herein again.

60. The agreement between Plaintiffs and Defendant is usurious, as defined in Florida Statute 687.02 ("All contracts for the payment of interest upon any loan, advance of money, line of credit, or forbearance to enforce the collection of any debt, or upon any obligation whatever, at a higher rate of interest than the equivalent of 18 percent per annum simple interest are hereby declared usurious.").

61. The interest rate on the loan exceeds 18 percent per annum.

62. Plaintiffs seek damages pursuant to Florida Statute 687.147.

**WHEREFORE**, Plaintiffs, RADHEY LAL SINGHAL, NIRMALA SINGHAL, NIRAJ SINGHAL and VANESSA SINGHAL, pray that this Court enter judgment against Defendant for damages, costs and expenses of this action, an entitlement to attorney's fees, and any other relief as this Court deems just and proper, to which Plaintiffs may be otherwise entitled to at law.

**COUNT III**
**QUIET TITLE**

63. Plaintiffs re-allege the allegations in ¶¶ 1-40 as though fully set forth herein again.

64. The property that is the subject of this action is located at 1 N. Ocean Blvd., Unit #703, Pompano Beach, Florida 33062, being more particularly described as:

Unit 03, Level 7, of THE PLAZA AT OCEANSIDE, A CONDOMINIUM, according to the Declaration of Condominium thereof recorded in Official Records Book 45228, Page 866, of the Public Records of Broward County, Florida.

65. Plaintiffs were at all times herein mentioned the owner and/or entitled to possession of the Property.

66. Defendant claims an interest in the Property adverse to Plaintiffs herein.

67. Defendant's claim is without any right whatsoever, and Defendant has no legal or equitable right, claim, or interest in the Property.

68. Plaintiffs therefore seeks a declaration from this Court that the title to the Property is vested in Plaintiffs alone and that Defendant be declared to have no estate, right, title or interest in the subject property and that Defendant be forever enjoined from asserting any estate, right, title or interest in the Property adverse to Plaintiffs.

**WHEREFORE**, Plaintiffs, RADHEY LAL SINGHAL, NIRMALA SINGHAL, NIRAJ SINGHAL and VANESSA SINGHAL, pray that this Court enter a judgment quieting title, that the Court award Plaintiffs damages, costs and expenses of this action, and any other relief as this Court deems just and proper, to which Plaintiffs may be otherwise entitled to at law.

**COUNT IV**
**<u>RESCISSION</u>**

69. Plaintiffs re-allege the allegations in ¶¶ 1-40 as though fully set forth herein again.

70. An actual controversy now exists between Plaintiffs, who contend they have the right to rescind the loan on the subject Property alleged in this Complaint, and based on information and belief, Defendant denies that right.

71. Plaintiffs are entitled to rescind the Mortgage Loan/Ownership Agreement (*i.e.*, Memorandum of Unison Homeowner Agreement and Unison Homeowner Mortgage and Security

Agreement).

72. Plaintiffs entered into the contract based upon Defendant's deceptive "home co-investing" program. Defendant deceived Plaintiffs into believing Plaintiffs were receiving a loan. Plaintiffs entered into the contract upon Defendant's false and deceptive claim that Defendant's "home co-investing" program offers certain advantages over conventional borrowing, which in fact, the advantages are for Defendant, an entity that preys on the vulnerabilities of senior citizens and low-income borrowers.

73. Defendant intentionally avoided disclosing to Plaintiffs that Defendant's "home co-investing" loan program would cause Plaintiffs to relinquish substantial equity in their Property's value. Having procured the contract through fraud, false representation and misrepresentations, the contract should be rescinded.

74. Under the contract, Plaintiffs received $123,750.00.

75. Plaintiffs offered to restore to Defendant the benefits Plaintiffs received, to pay the February 4, 2019 ($123,750.00) loan off in full.

76. Defendant demanded $324,750.00 as the loan payoff (**Exhibit "C"**).

77. Plaintiffs have no adequate remedy at law.

78. Plaintiffs are entitled to rescission of the contract.

**WHEREFORE**, Plaintiffs, RADHEY LAL SINGHAL, NIRMALA SINGHAL, NIRAJ SINGHAL and VANESSA SINGHAL, pray that this Court enter judgment that rescinds the Mortgage Loan/Ownership Agreement (*i.e.*, Memorandum of Unison Homeowner Agreement and Unison Homeowner Mortgage and Security Agreement), award Plaintiffs damages, costs and expenses of this action, and any other relief as this Court deems just and proper, to which Plaintiffs may be otherwise entitled to at law.

**COUNT V**
**UNCONSCIONABLE CONTRACT**

79. Plaintiffs re-allege the allegations in ¶¶ 1-40 as though fully set forth herein again.

80. Defendant's actions as set forth herein, resulted in Plaintiffs being forced, tricked, and misled into giving away the majority of the equity in their home.

81. Defendant used the fact that Plaintiffs were unsophisticated homeowners and that desperately in need of money to convince Plaintiffs that the contract was a fair and reasonable transaction.

82. Defendant did not suggest that Plaintiffs retain any outside counsel or guidance and waited until the completion of a long process to provide an under-market appraisal of the value of the home.

83. Defendant intended to exploit Plaintiffs' special disadvantage and deny Plaintiffs' rights to the Property.

84. Defendant, intentionally misrepresented to Plaintiffs that Defendant was entitled to a percentage of Plaintiffs' ownership interest. In fact, Defendant was not entitled to do so and had no legal, equitable, or actual beneficial interest whatsoever in the Property.

85. Defendant's failure to disclose the material terms of the transaction induced the Plaintiffs to enter into the loan as alleged herein.

86. The contract unilaterally drafted by Defendant is so outrageously unfair as to shock the judicial conscience.

87. The contract unilaterally drafted by Defendant is a contract which no man in his senses and not under delusion would make on one hand, and that no honest and fair main would accept on the other, absent misrepresentations or deceptions by Defendant.

88. Plaintiffs suffered damages, which continue to accrue.

**WHEREFORE**, Plaintiffs, RADHEY LAL SINGHAL, NIRMALA SINGHAL, NIRAJ SINGHAL and VANESSA SINGHAL, pray that this Court enter judgment: (1) finding that the Mortgage Loan/Ownership Agreement (*i.e.*, Memorandum of Unison Homeowner Agreement and Unison Homeowner Mortgage and Security Agreement) is unconscionable; (2) enter judgment against Defendant for damages, costs and expenses of this action, and any other relief as this Court deems just and proper, to which Plaintiffs may be otherwise entitled to at law.

**NOTICE OF INTENT TO PLEAD FOR PUNITIVE DAMAGES**

Plaintiffs serve notice that Plaintiffs intend to move the Court for leave to plead for punitive damages against Defendant, pursuant to Fla. Stat. §768.72.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury of all issues so triable.

Respectfully submitted,

/s/ *Bart T. Heffernan*

Bart T. Heffernan, Esquire
Florida Bar No. 353949
7020 NW 37th Street, #18
Fort Lauderdale, Florida 33316
Telephone: (954) 492-7392
Primary: heffto@aol.com
Secondary: info@lawstaff.info
Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via email delivery, on this 18th day of May, 2022, to:

Henny L. Shomar, Esquire
Florida Bar No. 91226
Tripp Scott P.A.
110 SE Sixth Street, 15th Floor
Fort Lauderdale, Florida 33301
Telephone: (954) 525-7500
Email: hls@trippscott.com

Jamie Wells
jamie.wells@scalefirm.com
Alexander Gershen
agershen@scalefirm.com
Admitted Pro Hac Vice
Scale LLP
315 Montgomery Street
10th Floor
San Francisco, CA 94104

Respectfully submitted,

/s/ *Bart T. Heffernan*
Bart T. Heffernan, Esquire
Florida Bar No. 353949
7020 NW 37th Street, #18
Fort Lauderdale, Florida 33316
Telephone: (954) 492-7392
Primary: heffto@aol.com
Secondary: info@lawstaff.info
Counsel for Plaintiffs