UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-60656-CIV-SINGHAL

RADHEY LAL SINGHAL, et al.,

    Plaintiffs,

v.

UNISON AGREEMENT CORP.,

    Defendant.

_____/

## ORDER

**THIS CAUSE** is before the Court on the Defendant's Motion to Dismiss Plaintiffs' Amended Complaint (DE [35]) and Defendant's Request for Judicial Notice in Support of its Motion to Dismiss Plaintiffs' Amended Complaint ("Request for Judicial Notice") (DE [36]), which is unopposed. Plaintiffs filed their Response to Defendants' Motion to Dismiss (DE [37]). Defendant filed a subsequent reply (DE [38]). Accordingly, the matters are ripe for review.

**I.**     **BACKGROUND**

This matter was removed from the Seventeenth Judicial Circuit in and for Broward County, Florida on March 31, 2022. Plaintiffs Radhey Lal Singhal, Nirmala Singhal, Niraj Singhal, and Vanessa Singhal ("Plaintiffs") filed an Amended Complaint (DE [30]) on May 18, 2022, which is the subject of the instant motion to dismiss. In 2019, Plaintiffs entered into a contract with Defendant Unison Agreement Corp. ("Unison"), a residential equity company, which purports to help homeowners unlock the equity in their real property without incurring debt. Plaintiffs allege Unison's website claims it is an alternative to home

loans because it provides homeowners with upfront cash payments in exchange for the appreciation value when the real property is sold. (Am. Compl. (DE [30]) ¶¶ 17–22). Plaintiffs executed the Memorandum of Unison Homeowner Agreement (DE [30-1]) and Unison Homeowner Mortgage and Security Agreement (DE [30-2]) on February 4, 2019, in the amount of $123,750.00. *Id.* ¶¶ 31–33. Plaintiffs allege Unison falsely claimed that homeowners would have the ability to buyout at anytime without penalty but refused to accept payment in 2021. *Id.* ¶¶ 24, 34, 36. Instead, Unison demanded $324,750.00 as loan payoff, which exceeded the 18% interest per annum. *Id.* at 37; *see also* (DE [30-3]). Before filing their initial complaint in state court, Plaintiffs served Unison with a demand letter seeking a loan payoff within the bounds of Florida's usury law.

Plaintiffs' five-count Amended Complaint (DE [30]) asserts claims for declaratory relief (Count I), usury (Count II), quiet title (Count III), rescission (Count IV), and unconscionable contract (Count V).[1] Plaintiffs also seek punitive damages against Unison. Unison moves to dismiss on all counts arguing the Plaintiffs have failed to state a claim. Additionally, Unison has requested judicial notice of the Unison HomeOwner Option Agreement (DE [36-1]), the Unison HomeOwner Covenant Agreement (DE [36-2])[2], and Plaintiff Niraj Singhal's Real Estate Broker Registration (DE [36-3]), in support of the instant motion to dismiss (DE [35]).

---

[1] In their original Complaint (DE[]), Plaintiffs had two additional claims for slander of title and truth in lending.
[2] This Court will collectively refer to the Memorandum of Unison HomeOwner Agreement (DE [30-1]), the Unison HomeOwner Mortgage and Security Agreement (DE [30-2]), the Unison HomeOwner Option Agreement (DE [36-1]), and the Unison HomeOwner Covenant Agreement (DE [36-2]), as the Agreements.

## II.     LEGAL STANDARD

At the pleading stage, a complaint must contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). Although Rule 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions[;] . . . a formulaic recitation of the cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, "factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim for relief that is plausible on its face." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In considering a Rule 12(b)(6) motion to dismiss, the court's review is generally "limited to the four corners of the complaint." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (quoting *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002)). The court must review the complaint in the light most favorable to the plaintiff, and it must generally accept the plaintiff's well-pleaded facts as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). However, pleadings that "are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

Rule 9(b), however, contains a "heightened pleading standard:" a plaintiff "alleging fraud or mistake . . . must state with particularity the circumstances constituting fraud or mistake." *ADA v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010) (internal quotations

3

omitted). "[P]ursuant to Rule 9(b), a plaintiff must allege: '(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud.'" *Id.* (quoting *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380–81 (11th Cir. 1997)). "At bottom, the purpose of particularity pleading is to alert defendants to their precise misconduct and protect them against baseless charges of fraudulent behavior." *Drummond v. Zimmerman*, 454 F. Supp. 3d 1210, 1216 (S.D. Fla. 2020) (citations omitted).

### III.     REQUEST FOR JUDICIAL NOTICE

"The district court may only grant a Rule 12(b)(6) motion to dismiss where it is demonstrated 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Day v. Taylor*, 400 F.3d 1272, 1275 (11th Cir. 2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). "Although the threshold is 'exceedingly low' for a complaint to survive a motion to dismiss for failure to state a claim, *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 703 (11th Cir. 1985), a court may nonetheless dismiss a complaint on a dispositive issue of law." *Id.* (citing *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

For purposes of Rule 12(b)(6) review, a court generally may not look beyond the pleadings. *See Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256, 1266 n.11 (11th Cir. 1997). "The district court generally must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint." *Day*, 400 F.3d at 1275–76 (citing Fed. R. Civ. P. 12(b)); *see also* Fed. R. Civ. P. 12(d) (Under Rule 12(d), a motion to dismiss for failure to state a claim under Rule 12(b)(6) "must be treated

as one for summary judgment under Rule 56" if "matters outside the pleadings are presented to and not excluded by the court . . . .").

However, as noted in Unison's Request for Judicial Notice (DE [36]), a district court may consider an extrinsic document, even on Rule 12(b)(6) review, if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged. *See United States ex rel. Osheroff v. Humana, Inc.*, 776 F.3d 805, 811 (11th Cir. 2015); *see also Day*, 400 F.3d at 1276. Here, Plaintiffs have not opposed the Request for Judicial Notice (DE [36]) or otherwise denied the materials have been incorporated by reference in the Complaint (DE [1]) and Amended Complaint (DE [30]). Accordingly, the request is granted.

## IV. DISCUSSION

In the instant motion (DE [35]), Unison moves to dismiss the instant action in its entirety. Unison argues Plaintiffs' five claims are ripe with deficiencies and due to be dismissed. Additionally, Unison argues Plaintiffs' Amended Complaint (DE [30]) was filed without leave of court and Plaintiffs' response (DE [37]) is untimely. Unison, however, did not move to strike either. Plaintiffs oppose the motion to dismiss, simply arguing they have plead adequate facts to support their claims against Unison. Plaintiffs contend this case will require discovery to fetter out what a reasonable person might understand or interpret the Agreements to mean, what the drafter intended to convey vis-à-vis what the reader understood was conveyed. (Resp. (DE [37]) ¶ 18).

### A. Count I – Declaratory Judgment

Here, Unison contends Plaintiffs' claim must be dismissed for lack of Article III standing. Plaintiff does not address this argument in their response. Unison argues even if Plaintiffs sufficiently alleged standing, the claim still fails as duplicative of other claims

5

asserted in the Amended Complaint (DE [30]). In response, Plaintiffs state the Amended Complaint (DE [30]) recounts the deceptive and misleading methods by which Defendant gains ownership interest in the homes of elderly and vulnerable people. (Resp. (DE [30]) ¶ 9).

Standing to bring and maintain a lawsuit is a fundamental component of a federal court's subject matter jurisdiction. *See Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1146 (2013). "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy. The doctrine developed in our case law to ensure that federal courts do not exceed their authority as it has been traditionally understood." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). "Because the question of Article III standing implicates subject matter jurisdiction, it must be addressed as a threshold matter prior to the merits of any underlying claims." *Gesten v. Burger King Corp.*, 2017 WL 4326101, at *1 (S.D. Fla. Sept. 27, 2017) (citing *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1250 (11th Cir. 2015)). "Typically, where standing is lacking, a court must dismiss the plaintiff's claim without prejudice." *McGee v. Solicitor General of Richmond Cty., Ga.*, 727 F.3d 1322, 1326 (11th Cir. 2013).

Article III standing requires the plaintiff to establish three elements: that he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). At the pleading stage, the plaintiff must allege facts that "plausibly" demonstrate each standing element. *Tsao v. Captiva MVP Rest. Partners, LLC*, 986 F.3d 1332, 1337 (11th Cir. 2021) (citing *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990,

996 (11th Cir. 2020)). Declaratory judgment does not "enlarge the jurisdiction of the federal courts", reaffirming that declaratory relief is subject to the "case or controversy" requirement of Article III. *Cambridge Christian Sch., Inc. v. Fla. High Sch. Athletic Ass'n, Inc.*, 942 F.3d 1215, 1251 (11th Cir. 2019).

Under Chapter 86, "[a]ny person claiming to be interested or who may be in doubt about his or her rights under a . . . contract . . . may have determined any question of construction or validity . . . and obtain a declaration of rights, status, or other equitable or legal relations thereunder." § 86.021, Fla. Stat. The purpose of the declaratory judgment chapter "is to settle and to afford relief from insecurity and uncertainty with respect to rights, status, and other equitable or legal relations and is to be liberally administered and construed." § 86.101, Fla. Stat. Parties to a declaratory judgment action must "have or reasonably may have an actual, present, adverse, and antagonistic interest in the subject matter, either in fact or law." *Coal. for Adequacy & Fairness in Sch. Funding v. Chiles*, 680 So. 2d 400, 404 (Fla. 1996); *see also Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1347 (11th Cir. 1999) (a claim for declaratory judgment is properly pled when it alleges facts showing that there is a "substantial continuing controversy between two adverse parties").

As a practical matter, the elements required under the federal or state declaratory-judgment acts are not materially different. *Compare Malowney*, 193 F.3d at 1346 *with Floyd v. Guardian Life Ins. Co.*, 415 So. 2d 103, 104 (Fla. 3d DCA 1982). "A complaint seeking declaratory relief must allege ultimate facts showing a bona fide adverse interest between the parties concerning a power, privilege, immunity or right of the plaintiff; the plaintiff's doubt about the existence or non-existence of his rights or privileges; [and] that

7

he is entitled to have the doubt removed." *Floyd*, 415 So. 2d at 104 (citations omitted). Courts have discretion in deciding whether to allow a declaratory action to proceed. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). However, the only relevant inquiry in a motion to dismiss a declaratory-judgment action is whether or not the plaintiff is entitled to a declaration of rights. *Mills v. Ball*, 344 So. 2d 635, 638 (Fla. 1st DCA 1977).

Unison's argument that Plaintiff lacks standing because option contracts do not create an interest in property and Unison has not exercised its option under the Agreements is unavailing. The only relevant inquiry before this Court at this stage is whether or not Plaintiffs are entitled to a declaration of rights under the Agreements. In their response, Plaintiffs do not address standing (DE [37]); however, in their Amended Complaint (DE [30]), Plaintiffs allege they are uncertain of their respective rights to the Property under the terms of the Agreements. This uncertainty can be traced back to the Agreements, and Plaintiffs' request for declaratory relief would redress the alleged harm. *See Sundy v. Friendship Pavilion Acq. Co., LLC*, 807 Fed. Appx. 977, 982–83 (11th Cir. 2020).

### B. Count II – Usury

Florida has a civil usury statute that defines usury as charging more than 18 percent interest annually on a loan of $500,000 or less. § 687.02(1), Fla. Stat. An annual interest rate over 25% is criminal usury. § 687.071, Fla. Stat. "The elements of usury are: (1) a loan express or implied; (2) an understanding between the parties that the money lent shall be returned; (3) a payment of or an agreement to pay a greater rate of interest than is allowed by law; and (4) a corrupt intent to take more than the legal rate

for the use of the money loaned." *Northwood SG, LLC v. Builder Fin. Corp.*, 76 So. 3d 3, 5 (Fla. 4th DCA 2011) (citing *Dixon v. Sharp*, 276 So. 2d 817, 819 (Fla. 1973)).

Florida's usury statutes apply to "a rate of interest" charged against any loan or identified advance of money. § 687.03(1), Fla. Stat. Earnings on an advance of money that is placed at speculative risk are typically not subject to Florida's usury statutes. *Diversified Enters., Inc. v. West*, 141 So. 2d 27, 31 (Fla. 2d DCA 1962). Generally speaking, equity investments involve speculative risk, while loans involve less risk as reflected in their lower returns. *See In re Lane*, 742 F.2d 1311, 1314 (11th Cir. 1984) ("Generally, shareholders place their money 'at the risk of the business' while lenders seek a more reliable return.").

Unison argues Plaintiffs fail to sufficiently state a claim for usury under Florida law given that the transaction does not meet the definition of a loan.[3] Unison maintains the Agreements constitute an option contract where Unison has no unconditional right to recover the $123,750.00. Unison claims similar products, including option agreements, are routinely excluded from Florida's usury law. Plaintiffs' response fails to address Defendant's three-part argument that Florida's usury statute does not apply to the Agreements at issue. Instead, Plaintiffs reassert they have pled adequate facts to conclude the money given to them constitutes a loan, and that Unison sought repayment of an amount that exceeded 18 percent per annum. (Resp. (DE [37]) ¶ 10). Additionally,

---

[3] Unison directs this Court to certain provisions of the Agreements, specifically: The Memorandum of Unison HomeOwner Agreement (DE [30-1]) states "Owner grants and conveys to Benefited Party the option to purchase an undivided percentage interest in that certain real property . . . ." (Ex. A (DE [30-1]) at 1). The Unison HomeOwner Mortgage and Security Agreement (DE [30-2]) states "Mortgagor shall not be obligated to repay any part of the Unison Investment Payment . . . ." (Ex. B (DE [30-2]) at 2(g)). The Unison HomeOwner Option Agreement (DE [36-1]) states "The Unison Investment Payment is not a loan. The Unison Investment Payment is not a principal amount which Investor is contractually or otherwise entitled to recover at Term or at Option exercise." (Ex. A ( DE 36-1]) ¶ 6).

9

Plaintiffs claim they did not know they were giving away a percentage of their property. *Id.*

Unison argues in its motion to dismiss that the agreements at issue are not subject to the usury laws as they do not constitute a loan. "Whether or not a transaction is subject to the usury laws of Florida is a question of fact." *Beausejour Corp., N.V. v. Offshore Development Company, Inc.*, 802 F.2d 1319, 1320 (11th Cir. 1986). The law is clear that the substance of the transaction rather than the form is examined to determine whether the transaction should be considered a loan. *Id.*; *Oregrund Ltd. P'ship v. Sheive*, 873 So. 2d 451, 457 (Fla. 5th DCA 2004). Although it may fall to this Court to decide the nature of the Agreements at issue prior to trial, at this motion to dismiss stage, the record is not sufficiently developed for the court to make that decision. The claim has been sufficiently stated to proceed through discovery.

### C. Count III – Quiet Title

Under Florida law, to prevail on a claim to quiet title, a plaintiff must show: (1) plaintiff's title to the subject property; (2) the existence of a "cloud" on that title; and (3) that the cloud is invalid. *Stark v. Frayer*, 67 So. 2d 237, 239 (Fla. 1953). Additionally, "[n]ot only must the matter which constitutes the alleged cloud be shown, but [also] facts must be alleged which give the claim apparent validity as well as those which show its invalidity." *Kaan v. Wells Fargo Bank, N.A.*, 981 F. Supp. 2d 1271, 1274 (S.D. Fla. 2013). In other words, a claim for quiet title in Florida "must not only show title in the plaintiff to the lands in controversy, but also that a cloud exists, before relief can be given against it." *Lane v. Guar. Bank*, 552 Fed. Appx. 934, 936 (11th Cir. 2014) (quoting *Stark v. Frayer*, 67 So. 2d 237, 239 (Fla. 1953)).

Unison argues Plaintiffs cannot allege that Defendant "asserts an interest on the title" or the "invalidity of the defendant's interest," both of which are fatal to their claim. Unison argues, since Plaintiffs do not allege Defendant exercised its option, Plaintiffs cannot assert that Defendant holds any ownership interest in the Property or that Defendant's purported interest is adverse to Plaintiffs. Thus, Plaintiffs cannot allege Defendant holds an interest that can be quieted. Unison's argument is buttressed by the proposition that "an option does not create a legal or equitable interest in property." *Old Port Cove Holdings, Inc. v. Old Port Cove Condo. Ass'n One, Inc.*, 986 So. 2d 1279, 1287 (Fla. 2008) ("Florida law has consistently held that an option does not create an interest in land.").

A complaint to quiet title must allege: "1. plaintiff's title to the property in controversy; 2. how plaintiff obtained title to the property; 3. the chain of title; 4. the alleged cloud or defect on title and the basis upon which defendant claims an interest in or claims the title; and 5. why defendant's claim is not well founded." *Helman v. Udren Law Offices, P.C.*, 2015 WL 1565335, *2 (S.D. Fla. Apr. 8, 2015) (citing § 66.061, Fla. Stat.). The complaint must "allege sufficient facts to present a [justiciable] matter to a court of competent jurisdiction." *Woodruff v. Taylor*, 118 So. 2d 822, 822 (Fla. 2d DCA 1960). "Since quiet title is an equitable remedy, the plaintiff must also demonstrate why there is no relief at law." *Helman*, 2015 WL 1565335, *2. Furthermore, a plaintiff must allege specific facts with clarity, accuracy, and certainty that show (1) the asserted claim has apparent validity and (2) the opposing party's title is invalid. *See Rhodes v. JPMorgan Chase Bank, N.A.*, 2012 WL 5411062, at *3 (S.D.Fla. Nov. 6, 2012) (citing *Brickell v. Trammell*, 77 Fla. 544, 82 So. 221, 229 (Fla.1919)).

11

Here, Plaintiffs allege they are "the equitable owners of the Property," and that "Defendant claims an interest in the Property adverse to Plaintiffs," by obtaining an "ownership interest in a homeowner's property[.]"  (Am. Compl. (DE [30]) ¶¶ 26, 65-67).  Plaintiffs argue they have pleaded adequate facts for a declaration from this Court that the title to the Property is vested in Plaintiffs alone, that Unison be declared to have no estate, right, title or interest in the subject property, and that Unison be enjoined from asserting any estate, right, title or interest in the Property.  The Amended Complaint (DE [30]), however, does not allege specific facts to show Unison's purported claim is invalid.  Accordingly, this claim is dismissed.

### D. Count IV – Rescission

In order to state a claim for rescission, Plaintiffs must plead facts demonstrating the following: (1) the parties' relationship or character; (2) the making of a contract; (3) fraud, mistake, false representations, impossibility of performance, or other grounds for rescission; (4) that the party seeking rescission actually rescinded the contract and notified the other party accordingly; (5) if the moving party received benefits from the contract, Plaintiffs must allege that they attempted to restore those benefits to the party furnishing them; and (6) there is no adequate remedy at law for the moving party.  *Billian v. Mobil Corp.*, 710 So. 2d 984, 991 (Fla. 4th DCA 1998) (citations omitted).  "Equity will not usually order rescission unless the condition of the parties may be restored as it existed prior to the execution of the contract."  *Hibiscus Assocs. v. Bd. of Trs. of the Policemen & Firemen Ret. Sys.*, 50 F.3d 908, 917 (11th Cir. 1995).

Unison argues Plaintiffs' claim for rescission fails because they do not allege with particularity any fraud, false representation, or misrepresentations–as they must–and

Plaintiffs do not allege that they rescinded the Agreements or that they provided proper notice to Unison of their doing so. In response, Plaintiffs argue their amended claim is not based on the Truth in Lending Act ("TILA") but on fraud, false representations, and misrepresentations. Plaintiffs allege Unison deceived Plaintiffs into believing they were receiving a loan and Defendant intentionally avoided disclosing to Plaintiffs that Unison's "home co-investing" loan program would cause Plaintiffs to relinquish substantial equity in their Property's value. Defendants, however, correctly note that Plaintiffs do not allege they rescinded the Agreements. Instead, Plaintiffs offered to return the $123,750.00 they had received from Unison three years prior. Additionally, while Plaintiffs admit this claim is based on fraud and misrepresentations, they do not address the heightened pleading requirement of Rule 9(b). Accordingly, this claim is dismissed.

### E. Count V – Unconscionable Contract

Before a court may hold a contract unconscionable, it must find that it is both procedurally and substantively unconscionable. *See Bellsouth Mobility, LLC v. Christopher*, 819 So. 2d 171, 173 (Fla. 4th DCA 2002). Procedural unconscionability "'relates to the manner in which the contract was entered and it involves consideration of such issues as the relative bargaining power of the parties and their ability to know and understand the disputed contract terms.'" *VoiceStream Wireless Corp. v. U.S. Communs., Inc.*, 912 So. 2d 34, 39 (Fla. 4th DCA 2005) (quoting *Powertel, Inc. v. Bexley*, 743 So. 2d 570, 574 (Fla. 1st DCA 1999)). A contract is substantively unconscionable if its terms "are so 'outrageously unfair' as to 'shock the judicial conscience.'" *VoiceStream Wireless Corp.*, 912 So. 2d at 40 (quoting *Gainesville Health Care Ctr., Inc. v. Weston*, 857 So. 2d 278, 285 (Fla. 1st DCA 2003)).

Unison argues Plaintiffs fail to allege sufficient facts supporting their claim for unconscionability, as they do not allege the option was either procedurally or substantively unconscionable. Unison contends they cannot; particularly, because the documents attached to Plaintiffs' amended complaint belie their theory that Unison did not disclose the parties were entering into a contract. Plaintiffs oppose dismissal of this claim as adequately pled at this preliminary stage of the proceedings. This Court does not agree. Accordingly, this claim is dismissed.

### F. Punitive Damages

Unison also requests this Court deny Plaintiffs' request for leave to plead for punitive damages pursuant to section 768.72, Florida Statutes. "Under Florida law, merely setting forth conclusory allegations in the complaint is insufficient to entitle a claimant to recover punitive damages. Instead, a plaintiff must plead specific acts committed by a defendant." *Porter v. Ogden, Newell, & Welch*, 241 F.3d 1334, 1340–41 (11th Cir. 2001). Because this Court has found deficiencies in the Amended Complaint (DE [30]) Plaintiffs' request is denied. And, this Court does not find at this juncture that an amendment would be futile.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Request for Judicial Notice in Support of its Motion to Dismiss Plaintiffs' Amended Complaint (DE [36]) is **GRANTED**. Defendant's Motion to Dismiss Plaintiffs' Amended Complaint (DE [35]) is **GRANTED IN PART**. Plaintiff may file an amended complaint by **April 10, 2023**. Defendant's response to an amended complaint is due by **April 24, 2023**. No further extensions will be granted

absent a timely and legally sufficient showing of good cause.  *Failure to comply with this Order, will result in a dismissal without prejudice and without further notice*.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 31st day of March 2023.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel of record via CM/ECF